## IN EQUITY.

WILLIAM WOLCOTT et al. Exr's. &c. vs. WILLIAM N. WEAVER et al.

On a bill of foreclosure taken as confessed, against *absent* Defendants, the order of reference should always direct the referee, (among other things) "to take proof of the facts and circumstances set forth in the bill," and also "*to report the proofs and examinations had before him.*"

It is the duty of the Plaintiff under such an order to adduce *legal proof* before the referee, of every material fact alleged in the bill, secondary evidence will not answer.

It is the duty of the referee "*to report the proofs and examinations had before him,*" that the court may make such order thereon as shall be just—under this provision it is not enough for the referee to report the *results* of his own examinations or his own conclusions from the evidence, the "*proofs,*" whether documentary or oral, should be reported to the court. The referee is to perform his duty as though he were an examiner. Hence, where a referee made a report under such an order, and did not set out *the certificate of acknowledgment* of the mortgagor of the execution of the mortgage; but merely referred to the mortgage by a brief statement of its date, consideration and names of the parties to it with the additional fact, that it had been acknowledged by the mortgagor, *held,* that the report was defective, it did not contain such a statement as is required by the statute to make it evidence of the execution of the mortgage by the Defendant. For this reason referred back to supply the defect.

The duties of referees explained and defined—per GRIDLEY, justice.

*December Special Term,* 1847. *Oneida county.*—In this case a bill filed to foreclose a mortgage had been taken as confessed against several of the Defendants as "absentees" upon the usual proof of publication of the notice to appear.

JOHN H. EDMONDS, Esq. moved for a decree of sale upon the affidavit required by the 91st rule, and the report of a referee made under an order *to take proof of the facts and circumstances stated in the bill, and to report the same to the court.* The report of the referee, however, did not set out the certificate of acknowledgment of the mortgagor of the execution of the mortgage, but merely referred to the mortgage by a brief statement of its date, consideration, and the names of the parties to it, with the additional fact, that it had been acknowledged by the mortgagor.

GRIDLEY, Justice.—The referee in this case has committed an error which has become of such frequent occurrence that it may be useful to state the duties of a referee in the execution of an order of reference like this. The order directs the referee, (among other things) " *to take proof of the facts and circumstances set forth in the bill,*" and also " *to report the proofs and examinations had before him.*"

This provision should always be incorporated in the order of reference, wherein either *infants* or *absentees* are named as Defendants in the bill. It is an established rule that no decree can be taken against an infant by default; nor even upon the admissions of his solicitor or counsel. So scrupulously does the law guard the rights of this class of persons, that they cannot be bound by any adverse adjudications, except upon due proof exhibited to the court. Hence, the formal answer of the guardian *ad litem* of an infant, submits his rights to the determination of the court, and leaves the complainant to make out the facts of the court, and leaves the complainant to make out the facts of his case by proof.

The case of an " *absentee* " stands upon different ground. When process has been personally served upon an adult resident Defendant, it is fair to conclude that he has no defence to the bill, if he allows his default to be entered for want of an answer. Hence, by the practice of the court, an order " *pro confesso* " is entered against such defaulting Defendant, by which all the allegations of the bill are taken " *as confessed* " by him ; so that it is not necessary to prove them in any of the subsequent proceedings in the cause.

This conclusion however would be very unreasonable when applied to the case of a non-resident Defendant upon whom no process has ever been served. For the purpose of making the proceedings in the cause regular, and of authorizing a decree against an absent Defendant who happens to be a necessary party to the suit, the statute has substituted the publication of a notice in such newspapers as may be designated by the court in the place of an actual service of the process. This notice however may never come to the knowledge of the party for whose benefit it

is published. It would be an extremely harsh judgment, therefore, to infer from his omission to employ a solicitor, and to cause his appearance to be entered, that he has no defence to the suit and elects to confess the averments in the bill. The law however is guilty of no such injustice. It does indeed allow the usual order *pro confesso* to be entered if he fails to appear within the prescribed period limited in the order, but it expressly declares that *"the bill shall not be considered as evidence of any fact stated therein,"* and it further provides that the *"court shall direct a reference to a master to take proof of the facts and circumstances stated in the bill."* (2 R. S. 186, § 126 and 127.) It is the duty of the Plaintiff under this provision to adduce *legal proof* before the master, (referee) of every material fact alleged in the bill, such as the execution of the bond and mortgage, or of any assignment of the same that is necessary to make out a complete case for the complainant; on the hearing upon such a reference, the evidence must be strictly *legal proof,* secondary evidence will not answer. In the absence of the Defendant there can be no presumption of a waiver of any objection to the character or degree of the proof. The further duty of the referee is under the act *"to report the proofs and examinations had before him,"* and upon the coming in of the report *"the chancellor shall make such order thereon as shall be just;"* under this provision, it is not enough for the referee to report the *results* of his own examinations or his own conclusions from the evidence. In most cases such a report is all that is called for by the requirements of the order of reference, and the master or referee would not be justified in reporting the depositions in *extenso*—not so here, however. The referee is to perform his duty as though he were an examiner, and the *"proofs,"* whether documentary or oral, are to be reported to the court, which must itself determine, whether the facts proved and reported are sufficient to sustain the allegations in the Plaintiff's bill.

By applying these principles to the report under consideration, it will be readily seen, that it is entirely defective. One fact, the proof of which by the Plaintiff was indispensable, is the execution of the mortgage by the Defendant. That may be proved by a subscribing witness, when there is one, by evidence of the Defendants' signature when there is not, or by the production of the certificate of a proper officer of the acknowledgment by the Defendant, or of the proof by a subscribing witness. The latter mode was adopted in this instance, (viz.) the production to the referee of the mortgage, with the certificate of the Defendants' acknowledgment endorsed thereon. The statute declares such a certificate made by a proper officer, and in the

21

form prescribed, legal evidence of the execution of the instrument. The objection however, is that the referee has not *set out the certificate so that* the court can see whether it is in the form prescribed by the statute; in other words, whether it contains such a statement as is required by the act to make it evidence of the execution of the mortgage by the Defendant. For this reason, it must be referred back to the referee to supply this defect.