(16 Misc. Rep. 192.)

### DOUW v. KEAY et al.

(Supreme Court, Special Term, Albany County. February, 1896.)

MORTGAGES—FORECLOSURE—IMMATERIAL ALLEGATIONS.

In an action to foreclose a mortgage, allegations in the complaint, setting forth the interest of the defendants in the premises in issue, are immaterial, and the admission of hearsay evidence in support of such allegations is not prejudicial.

Action by John Dep. Douw, Jr., against Esther Keay and others, to foreclose a mortgage. Henry W. Young became purchaser at the sale, but declined to complete his purchase. Motion was made to compel him to complete the purchase. Granted.

John De Witt Peltz, for the motion.
H. L. Washburn, Jr., opposed.

CHESTER, J. This is a motion to compel Henry W. Young, the purchaser at a sale under a decree of foreclosure, to complete his purchase. He has declined to complete his purchase on the ground

that there are infant defendants, and also absentee defendants in default, and that the testimony filed with the referee's report shows that on the reference prior to the judgment hearsay evidence was received as to the allegations of the complaint relating to the heirs at law of Eugenie Roussin, the owner of the mortgaged premises at the time of her death. Code Civ. Proc. § 1216, requires, in cases of this kind, that the cause of action set forth in the complaint shall be proven, and rule 60 requires the referee to take proof of the facts and circumstances stated in the complaint. It was the duty of the plaintiff to produce legal proof before the referee of every material fact alleged in the complaint. Wolcott v. Weaver, 3 How. Prac. 159. The question is presented, therefore, whether or not the allegations as to which hearsay evidence was received were material to the cause of action to foreclose the mortgage.

The mortgage in question was executed by the defendant Esther Keay to one Sarah Klinker, April 28, 1873, and has been assigned by several mesne assignments to the plaintiff. The premises covered by the mortgage were conveyed by Esther Keay to Joseph W. Addison in 1884, and by said Addison and his wife to Eugenie Roussin in 1889. The plaintiff alleges in his complaint that said Eugenie Roussin died intestate at the city of Albany, July 29, 1894, being at the time the owner and in possession of the premises in question, and leaving her surviving the defendant Sarah Hoogkamp, the wife of the defendant Henry Hoogkamp; that said Sarah Hoogkamp is of full age, and claims to have been duly adopted by said Eugenie Roussin as her daughter during her lifetime, but that plaintiff has no knowledge or information sufficient to form a belief as to the truth of the claim so made by said Sarah Hoogkamp as to her adoption by said deceased. Plaintiff further alleges that said Eugenie Roussin also left her surviving at the time of her death the following persons, who constitute her heirs at law in case the defendant Sarah Hoogkamp is not the heir at law of said deceased, namely, the defendant Maria Cheyer, who is the wife of the defendant Joseph Cheyer, and the mother of said Eugenie Roussin, deceased; and the following named persons who are children of Malina Bellanger, a deceased sister of said Eugenie Roussin, deceased, to wit, the defendants Eugenie Bellanger, Le Blanc Bellanger, and Arthur Bellanger. As to these allegations the referee received hearsay evidence. The complaint also contains the usual allegation that all of said defendants, naming them, have or claim to have some interest in, or lien upon, the said mortgaged premises, or some part thereof, which lien, if any, has accrued subsequently to the lien of the said mortgage, and is subject thereto. All of these allegations, except the last one, were immaterial to the cause of action brought for the foreclosure of plaintiff's mortgage. Drury v. Clark, 16 How. Prac. 424; Frost v. Koon, 30 N. Y. 428–448. The material facts stated in the complaint which constituted the cause of action were properly proven before the referee by the introduction in evidence of the bond and mortgage and the several assignments thereof, together with the certificates of recording the mortgage and the assignments, and by the evidence of plaintiff's agent as to any payments which had been

made. The plaintiff also put in evidence before the referee the deeds showing the several conveyances of the property in question subsequent to the mortgage, as alleged in the complaint, including the deed to Eugenie Roussin. This showed by legal proof that, whatever interest any of these defendants, as the heirs at law of Eugenie Roussin, had in the property, was subsequent and subject to the plaintiff's mortgage. It was not necessary to allege in the complaint or to prove before the referee what the interest of these several defendants in the property was, and, therefore, it is of no consequence that hearsay evidence was received by the referee with respect to these defendants or to their several interests. There is no claim here but that all persons having any interest in the property subsequent to the mortgage are defendants in the action, and have been properly served with the summons, either personally or by publication. It is not necessary to determine here whether Sarah Hoogkamp, the alleged adopted daughter, is the sole heir at law of Eugenie Roussin, or whether the other defendants named are her heirs at law, in case there was no legal adoption, so long as all the heirs, in either event, are parties to the action, and bound by the judgment. Those are questions to be determined in proceedings for the distribution of the surplus, if any. It follows that the motion to compel the purchaser to complete his purchase should be granted, with costs.

Motion granted, with costs.