GEORGE A. SMITH, Plaintiff, *v.* SARAH ELLA WARRINGER et al., Defendants.

(County Court, Queens County, June, 1903.)

**Marketable title — Title of infant defendant not cut off in foreclosure — General Rules of Practice — Rule 60.**

The General Rules of Practice of the Supreme Court of the State of New York have the force and effect of statutes.

Rule 60, providing that if an infant defendant puts in a general answer in a mortgage foreclosure, otherwise undefended, the order of reference to compute must direct the referee to take proof of the facts and in regard to payments, is mandatory and where there has been a failure to comply with this rule a purchaser on the sale need not take title as it is not marketable, the rights of the infant not having been cut off.

APPLICATION by a purchaser to be relieved from his purchase of premises sold under foreclosure of a mortgage had in the above-entitled action.

Morton S. Fuerst became the purchaser of the premises,

making a deposit of $200 with the referee and refused to take title on account of irregularities in the proceedings.

Among the objections assigned by him for his refusal to complete the purchase was the fact that the order of reference does not contain directions that the referee take proof of the facts and circumstances stated in the complaint and examine the plaintiff or his agent on oath as to any payments which have been made, preparatory to the application for judgment of foreclosure and sale and the fact that no such proof was taken, as required by rule 60 of the General Rules of Practice.

Rodman Richardson, for plaintiff.

John R. Townsend, guardian *ad litem.*

Morris L. Strauss, referee.

Clinton B. Smith, for purchaser.

MOORE, J.    This is a motion made by a purchaser at a foreclosure sale to be relieved from his purchase, to have his deposit paid at the time of his purchase returned to him by the referee and to be reimbursed his expenses on the examination of the title to the premises purchased at the sale upon the ground that the referee is unable to make a marketable title to the premises purchased by him at such sale.

The objections of the purchaser are all directed to alleged irregularities in the proceedings in the action to foreclose the mortgage, and he specified thirteen objections.    The record on the motion and the papers in the action disclose serious instances of disregard of the General Rules of Practice.    It is not necessary to discuss each objection specified in the moving papers, because the objections raised with respect to the order of reference to compute controls the disposition of this motion.

The General Rules of Practice are made pursuant to section 17 of the Code of Civil Procedure, and they apply and are " binding upon all the courts in this State and all the

judges and justices thereof, except the court for the trial of impeachments and the court of appeals." These rules have the force of statute law and cannot properly be departed from. People v. Nichols, 18 Hun, 535; Matter of Moore, 108 N. Y. 281.

They are designed to regulate practice and thereby facilitate the orderly transaction of business, to promote justice or to prevent injustice, and, in their scope and bearing, like the statutes comprehend within their provisions, all officials, persons and parties who come into court, or before a judge or justice thereof, to enforce a right or redress a wrong.

The officers of the court are bound by them and required to conduct their practice in obedience to them. Disregard to these rules imperils the rights of the party so transgressing in like manner as the disregard of any other law.

Rule 60 provides that: " If the defendant is an infant, and has put in a general answer by his guardian   *   *   *   the order of reference (to compute) shall also direct the person to whom it is referred to take proof of the facts and circumstances stated in the complaint, and to examine the plaintiff or his agent, on oath, as to any payments which have been made, and to compute the amount due on the mortgage, preparatory to the application for judgment of foreclosure and sale." Wolcott v. Weaver, 3 How. Pr. 159.

The rule is mandatory. It secures to an infant defendant a substantial right.

A failure to comply with a rule which is merely directory in its provisions may be obviated by allowing the act to be done *nunc pro tunc.* This is not so, however, with reference to mandatory provisions of the rules.

In the case of People v. Nichols, *supra,* the court says " a right secured by the rule of this court, adopted in convention under a statute authorizing it and possessing, therefore, all the force and vigor on the subject   *   *   *   was a right of which, without legislation or a change in the rule by a convention of the judges, he could not be deprived." Matter of Moore, *supra.*

This is a declaration of the force of a mandatory provision

of the rules of the Supreme Court, and its interpretation of its rules is conclusive.

The defendant in this action has served an answer by the guardian *ad litem* in which she asserts her rights in the premises and submits her rights to the protection of the court and a judgment cannot go against her by default. Wolcott v. Weaver, 3 How. Pr. 159.

The plaintiff in this action has now a judgment against the infant without any proof of the facts and circumstances alleged in the complaint. The record shows that he was not and is not entitled to such judgment, and it does not bar her of her right in the premises.

The order of reference does not contain the directions required by the rule and no proof whatever was taken by the referee to compute.

For these reasons the referee cannot convey to the purchaser a marketable title.

The motion is granted and an order may be presented relieving the purchaser of his purchase, directing the referee to return the money paid to him by the purchaser at the sale and awarding him the expenses of his examination of the title.

Motion granted, with ten dollars costs.