FRANKLIN v. DI CLEMENTE et al.·

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

MORTGAGES—FORECLOSURE—INFANT DEFENDANTS—PROCEDURE.

　　Where, in a mortgage foreclosure suit, the court directed the referee to take the proof, and plaintiff's agent was examined as to the mortgage, payments made thereon, and the amount due, there was a compliance with court rule 60, providing for an order of reference directing the referee to take proof, and a judgment of foreclosure was not erroneous because the referee took no proof of heirship of infant and absent defendants, on the guardian ad litem making the usual answer, where no proof could have affected the result.

Appeal from Special Term, Kings County.

Action by Margaret J. Franklin, as sole surviving executrix of Rachel Margaret Gilsey, deceased, against Teresa Di Clemente and others. From an order denying a motion to compel Francesco Di Brienza to complete his purchase at a mortgage foreclosure sale, plaintiff appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Henry J. Davenport (Harry Percy David, on the brief), for appellant.

James C. Danzilo, for respondent Di Brienza.

WOODWARD, J. The order appealed from denies a motion to compel the purchaser at a foreclosure sale to complete the purchase. The learned Special Term has held the title in question to be unmarketable, because the referee took no proof of the heirship of infant and absent defendants; the guardian ad litem having made the usual answer and rule 60 requiring in such case that:

　　"The order of reference shall also direct the person to whom it is referred to take proof of the facts and circumstances stated in the complaint and to examine the plaintiff or his agent, on oath."

The court was of the opinion that Smith v. Warringer, 41 Misc. Rep. 94, 83 N. Y. Supp. 655, was applicable, and held that the plaintiff offered no evidence. If no evidence had been offered in this case by the plaintiff, that case might be in point; but here the order of reference contained the proper directions, and the plaintiff's agent was examined under oath before the referee as to the mortgage, the payments made thereon, and the amount due. A single paragraph from the opinion will distinguish the Smith Case, 41 Misc. Rep. 97, 83 N. Y. Supp. 656:

　　"The order of reference does not contain the directions required by the rule, and no proof whatever was taken by the referee to compute."

In the case at bar it is difficult to see how any amount of evidence of heirship could have affected the judgment of foreclosure which necessarily followed, and it should be noted that it is none of the parties to the action who is objecting. No case has been cited where an appellate court has upheld such a strict compliance with the rule, and there are several cases in which the Court of Appeals has held certain

omissions to follow the rules of practice to be mere irregularities, not available to one not a party to the action. In my opinion the rule was sufficiently complied with and the court had jurisdiction to grant the judgment.

The order appealed from should be reversed, and the motion granted.

Order reversed, with $10 costs and disbursements, and motion granted, with costs. All concur.