(158 App. Div. 232.)

### AMES v. DANZILO.

(Supreme Court, Appellate Division, Second Department. July 25, 1913.)

1. MORTGAGES (§ 479*)—FORECLOSURE—INFANT DEFENDANTS—REFERENCE—ORDER.

Where, in foreclosure, certain infant defendants appeared and filed the usual answer by their guardian ad litem, and the case was referred to a referee, who took proof of the facts and circumstances set forth in the complaint and filed the evidence with his report, the foreclosure proceedings were not void because the order of reference did not contain a direction to the referee to take and report such facts, as required by General Practice Rule 60; the intent of the statute having been carried out, the order was amendable to comply with the rule nunc pro tunc.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1395–1398; Dec. Dig. § 479.*]

2. MORTGAGES (§ 479*)—FORECLOSURE—REFERENCE—ORDER TO TAKE PROOF—OMISSION.

Where an order of reference in mortgage foreclosure did not direct a referee to take proof of the facts and circumstances alleged in the complaint, as required by General Practice Rule 60, such omission was one of form only, which did not change the result of the foreclosure action or deprive the court of jurisdiction of the subsequent proceedings; and hence the foreclosure decree was conclusive on all the parties.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1395–1398; Dec. Dig. § 479.*]

Submission of controversy on an agreed statement of facts between Albert C. Ames and James C. Danzilo. Judgment for plaintiff.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

Alfred L. Rose, of New York City (Benjamin G. Paskus, of New York City, on the brief), for plaintiff.

James C. Danzilo, of Brooklyn, for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

RICH, J. The parties entered into a contract, the plaintiff to sell, and the defendant to purchase, certain real property situate in the county of Kings, to which the plaintiff claims title under a judgment of foreclosure and sale. The defendant has refused to perform his contract upon the ground that the plaintiff's title is defective and not marketable.

It appears that plaintiff's title is from a referee in a foreclosure action. There were two infant defendants in the foreclosure proceeding, who appeared by their guardian ad litem and interposed the usual infants' answers submitting their rights to the protection of the court. It also appears that the order of reference to compute the amount due did not contain a direction to the referee to take proof of the facts and circumstances set forth in the complaint, as required by rule 60 of the General Rules of Practice. Although this direction was not contained in the order, the referee did take this proof, and filed the evidence with his report, the same in all respects as if the order had conformed to the requirements of the rule referred to. The report was confirmed, and the usual judgment of foreclosure and sale entered, under which the mortgaged property was sold to the plaintiff. Thereafter, due notice of motion having been given, an order was made and entered appointing a referee to compute, nunc pro tunc, and inserting therein the direction required by Rule 60. The regularity of the judgment of foreclosure and sale thereunder is not questioned.

[1] It is contended by the defendant that rule 60 of the General Rules of Practice has the force of a statute, and must be complied with to give any validity or effect to an order of reference to compute the amount due in a mortgage foreclosure where there are infant defendants, that the omission of the direction to take proof as required by the rule invalidates all subsequent proceedings, and that they were not validated by a subsequent order. Two cases are cited as authorities: Brody & Co. v. Hochstadter, 143 N. Y. Supp. 72; and Smith v. Warringer, 41 Misc. Rep. 94, 83 N. Y. Supp. 655. Because of the dissimilarity of facts, neither of these cases is applicable to the case at bar.

In Smith v. Warringer, supra, no testimony was taken, and consequently none was filed with the report, so, as the court said, the plaintiff had a judgment against an infant without any proof of the facts and circumstances alleged in the complaint.

In Brody v. Hochstadter, supra, the foreclosure record was defective. Final judgment had been rendered without filing any testimony. The order of reference having failed to direct the taking of testimony as required by the rule, and no testimony in fact having been taken by the referee so far as the record disclosed, and this being the condition when the contract to convey was entered into two years later, the court properly held that the noncompliance with the provisions of rule 60 rendered the title defective, and that, such defect existing at the time the contract was under consideration, the rights of the parties thereunder were fixed and could not be cured or corrected by the order thereafter made.

[2] In the case at bar, however, while the order of reference did not comply with the rule, the proof was in fact taken, returned, and

filed with the referee's report before the judgment was rendered, and the order of reference was amended nunc pro tunc before the contract under consideration was entered into by the parties. Everything that would have been done had the order of reference contained the direction was in fact done, and the infant defendants were as fully protected as they could have been had the order of reference contained these recitals. The omission was one of form and not of substance, and did not change the result of the foreclosure action or deprive the court of jurisdiction over the subsequent proceedings. The judgment was binding and conclusive upon all parties.

The rule applicable to the case presented by this record is that, if the intent and spirit of a statute are carried out, the words or method used, so long as not in direct contravention of statute or rule of law or public policy, make but slight difference, and mistakes therein may be corrected nunc pro tunc. As was said in Mishkind-Feinberg Realty Co. v. Sidorsky, 111 App. Div. 578, 98 N. Y. Supp. 496, affirmed 189 N. Y. 402, 82 N. E. 448:

"An order may not be made nunc pro tunc which will supply a jurisdictional defect by requiring something to be done which has not been done; but where the thing itself has been done, when the object looked at by the Code in requiring it to be done has actually been accomplished, the power to make the order express the fact does exist."

Judgment is directed for plaintiff, with costs, in accordance with the terms of the submission. All concur.