(32 Misc. Rep. 421.)

ROWLANDS v. YOUNG MEN'S CHRISTIAN ASS'N OF CITY OF UTICA.

(Supreme Court, Special Term, Oneida County. August, 1900.)

1. REFERENCE—REPORT AND FINDINGS—SUFFICIENCY.
   Under Code Civ. Proc. § 1022, directing the report of a referee on the trial of issues of fact to state separately the facts found and the conclusions of law, and direct the judgment to be entered thereon, a referee's report, stating that after hearing the cause, and considering and overruling objections to the evidence, he dismissed the complaint, is insufficient.

2. SAME—RECOMMITMENT.
   Where a referee has made his report, and the time within which he might act has expired, and notice has been served terminating the reference, the cause cannot be sent back to the referee, on his report being held insufficient, but the parties must submit to a new trial.

Action by William R. Rowlands against the Young Men's Christian Association of the City of Utica. Motion to vacate judgment entered on purported report of a referee on the ground that it was insufficient, under Code Civ. Proc. § 1022. Granted.

Charles H. Searle, for the motion.
R. R. Martin, opposed.

HISCOCK, J. February 24, 1899, an order was made referring this case to H. L. Gates, Esq., to hear, try, and determine. Evidence was offered and taken in behalf of each side, and upon September 11, 1899, the case was summed up and submitted to the referee. A motion to dismiss the complaint had been made upon the opening of plaintiff's attorney, which was denied, and no other motion to dismiss the complaint or for a nonsuit was made. The time of the referee to report was extended by stipulation so as to include April 11, 1900. Upon said latter day, the said referee made and delivered to defendant's attorney a purported report or decision entitled in this action, addressed to the supreme court, and reading as follows:

"This action having been duly referred to me as referee, to hear and determine the issues herein, and the same having been duly tried before me as such

referee, and certain evidence having been taken subject to the future ruling of the referee, now, after due consideration, I find that the objections of the defendant to the admissibility of all the evidence reserved for decision should be overruled, and said evidence allowed to stand. I also find, adjudge, and determine that the plaintiff's complaint herein should be dismissed, with costs against said plaintiff and in favor of said defendant, and I hereby order judgment to be entered accordingly.

"Dated April 11, 1900.                    Henry L. Gates, Referee."

Thereafter defendant taxed costs and entered judgment upon said purported decision, dismissing plaintiff's complaint. Upon April 13, 1900, plaintiff, through his attorney, served due notice terminating said reference to said Gates; and he also duly objected to the taxation of costs and entry of judgment by defendant.

An examination of this memorandum, made and handed down by the referee in the light of the provisions of section 1022, Code Civ. Proc., makes it too clear for argument that it is insufficient. Concededly, it does not state "the facts found and the conclusions of law"; and, although not conceded, it seems to me equally clear that the memorandum is not a "decision stating concisely the grounds upon which the issues have been decided," etc. The case of Lopez v. Bank, 18 App. Div. 427, 430, 432, 46 N. Y. Supp. 91, cited by defendant, sufficiently sustains this view. The case just cited is referred to by defendant as an authority for the proposition that, even though the purported decision of the referee was insufficient, a judgment might be entered which would be considered upon appeal by the appellate court, and from which I assume defendant desires to have it inferred that it is not necessary to vacate the judgment. It is true in that case the appellate division, while holding the memorandum decision of the court insufficient, did consider the appeal, and the evidence upon which the judgment was entered. There were other parties and other issues in the action aside from those covered by this incomplete portion of the decision, and, no one offering any objection or urging any other course, there was no reason why the court should not take the course it did, if it saw fit. In this case, however, the question of the incompleteness and irregularity of the referee's action is distinctly raised by motion; and it is well settled that that practice is correct, and that, the question at issue having been raised by motion, the judgment should be vacated.

It is urged by the defendant that, if it should be held that the memorandum of the referee is insufficient, the case should be sent back to him, to enable him to comply with the provisions of section 1022, either by stating findings of fact and conclusions of law, or by stating the grounds upon which the issues in the case have been decided. Cases are cited in behalf of this course of procedure, but in substantially all of them the question arose where the case had been tried before the court, and none of them were cases of a referee appointed with power to hear and determine an action in the supreme court. Petrie v. Trustees, 92 Hun, 81, 36 N. Y. Supp. 636, is an authority in this department against such a course of procedure. In this case the facts weigh strongly against following it. The referee has made what he regarded and considered as his decision in the case, which would ordinarily terminate his duties and jurisdiction.

In addition to that, the time within which he might act has expired, and a notice has been served terminating the reference. ' Under such circumstances, I think an attempt should not be made to send a case back to the referee, but that the parties must submit to the misfortune of a mistrial. In Reynolds v. Insurance Co., 6 App. Div. 254, 39 N. Y. Supp. 885, where the justice who tried the case had made an incomplete or insufficient decision, and thereafter had been appointed to the appellate division, it was held that the case could not be sent back to the trial court to supply the defects in the decision, and that the parties must submit to a mistrial. This case seems to be quite as strong for the moving party. The motion to vacate the judgment is therefore granted, with $10 costs, and the application to have the case sent back to the referee for further findings or decision is denied.

Motion granted, with $10 costs.