## BOYER v. BOYER.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. COURTS (§ 85*)—RULES—FORCE.
> A mandatory rule of court has the force and effect of a statute, and cannot be disregarded by the court.
> [Ed. Note.—For other cases, see Courts, Cent. Dig. § 294; Dec. Dig. § 85.*]

2. HUSBAND AND WIFE (§ 299*)—ACTIONS FOR SEPARATION—JUDGMENT.
> Under General Rules of Practice, No. 76, providing that no judgment for a separation shall be made of course by default of defendant or by consent, a judgment of separation, entered by consent of the parties and without evidence to support it, and an order based thereon fixing alimony, were invalid.
> [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1094; Dec. Dig. § 299.*]

Appeal from Special Term, Kings County.

Action by Catherine L. Boyer against Frank W. Boyer. From an order appointing a receiver for defendant, who refused to pay alimony as directed by the judgment in an action for separation, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Arnold L. Davis (Claude A. Thompson, on the brief), for appellant.
William Chilvers, for respondent.

RICH, J. Rule 76 of the general rules of practice provides that:

"No judgment annulling a marriage contract or granting a divorce, or for a separation or limited divorce, shall be made of course by the default of the defendant, or in consequence of any neglect to appear at the hearing of the cause, or by consent."

It appears that the findings upon which the judgment was based were agreed upon by the parties, that the judgment was entered by consent, and that no evidence was given in support of the allegations in the complaint; in other words, that the judgment was entered by consent of the parties and without evidence to sustain it. The only question presented by this appeal is whether the original decree is valid. I think it is not, because it was made in violation of the mandatory rule of the court, which had all the force and effect of a statute (People ex rel. Mayor, etc., v. Nichols, 18 Hun, 535; Matter of Moore, 108 N. Y. 280, 15 N. E. 369), and the court was not at liberty to disregard it.

In Pratt v. Pratt, 2 App. Div. 534, 38 N. Y. Supp. 26, which was an action to annul a marriage, upon appeal from an order vacating so much of an order of reference as appointed the referee, agreed upon by the parties, Mr. Justice Barrett, speaking of section 1012 of the Code of Civil Procedure and rule 72, which provides that in such actions the court "shall in no case order the reference to a referee * * * agreed upon by the parties," said:

"Procedure in disregard of these provisions is not a mere irregularity. Such procedure is unquestionably void. The law was not enacted, nor was the rule established, for the benefit of the parties to matrimonial actions, but for the public good. In this respect the mandate and prohibition differ from the regulations with regard to referees in foreclosure and partition actions. The latter regulations were adopted to secure fair dealing upon judicial sales, and to prevent one party from overreaching the other. The former regulations were enacted to prevent one party fom colluding with the other. Public policy favors the continuity of the marital union. It condemns any break in that continuity not specifically authorized by law. For this reason the parties are not permitted, as they are in ordinary controversies, to admit the facts or to waive proof thereof; nor is the court permitted to grant relief upon their consent. To render these interdictions effectual, to prevent the possibility of their being evaded, the referee rule was adopted. It is distinctly in harmony with the statute. The statute says that the court must designate the referee. To guarantee strict compliance with this mandate, the rule declares that the court shall not, in any case, 'order the reference to a referee nominated by either party, nor to a referee agreed upon by the parties.' What is that but saying that the court must designate the referee freely, independently, and without a breath of suggestion? The moment the rule is successfully invaded, that moment the statute falls. If parties may walk through or around these regulations to a tribunal of their own arrangement, they can as readily walk through or around all the obstacles which the law places between them and their desires. Given their own friendly tribunal, and what becomes of the remaining statutory safeguards?"

It is contended by the learned counsel for the respondent that defendant, having submitted to the jurisdiction of the court and consented to the entry of the decree, cannot now be heard to complain. The trouble with this contention is he consented to the very thing

which the rule provided should not be done, and no jurisdiction could be conferred upon the court to violate it. The rule was not adopted to convenience the parties to such an action, but to prevent collusion.

The original decree, as well as the order fixing the alimony, were invalid; and it follows that the order appealed from must be reversed.

Order reversed, without costs. All concur.