BENJAMIN S. GREENFIELD, Appellant, *v.* MINNIE L. GREENFIELD, Respondent.

First Department, February 5, 1926.

**Husband and wife — separation — interlocutory judgment entered on counterclaim on default upon stipulation and some testimony — testimony not sufficient to support judgment — under Rules of Civil Practice, rule 283, stipulation cannot be used — motion to vacate granted, though made more than one year after entry of judgment — Civil Practice Act, § 521, not applied.**

An interlocutory judgment cannot be rendered on a counterclaim in an action for separation, in which the plaintiff fails to appear for trial, upon a stipulation of the parties and upon some evidence which, in itself, is insufficient to justify the judgment, for to do so would constitute a violation of rule 283 of the Rules of Civil Practice.

A judgment which has been thus illegally rendered may be set aside on the application of the plaintiff made more than one year after it was rendered, notwithstanding the provisions of section 521 of the Civil Practice Act.

APPEAL by the plaintiff, Benjamin S. Greenfield, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of July, 1925, denying plaintiff's motion to vacate a decree and judgment of separation entered in said clerk's office on the 11th day of June, 1924, and denying his application to restore the case to the calendar for trial.

*Herman Kahn,* for the appellant.

*Julius Gottlieb,* for the respondent.

MARTIN, J. This is a matrimonial action brought by the plaintiff to secure a decree of separation. The answer sets up a counter-

claim for a separation. The plaintiff did not appear and was not represented at the trial, although the record recites that the attorney for plaintiff appeared.

A judgment was entered by stipulation in favor of the defendant upon her counterclaim. Plaintiff urges that the motion to vacate the judgment should have been granted because the judgment was rendered upon a consent. With the stipulation eliminated, the testimony is not sufficient to justify the decree.

The motion was denied on the ground of laches. Though the court referred to arrears of alimony, the record contains a stipulation which purports to have been executed the day the application was submitted and which provides that the arrears of alimony be paid within ten days thereafter and that the non-payment of alimony " shall not be considered in connection with the motion."

The respondent also relies on plaintiff's failure to move to set aside the decree within a year as required by the Civil Practice Act (§ 521); and asserts that the remedy is by an appeal from the judgment.

When the case was called for trial a stipulation was offered in lieu of oral evidence. Though some evidence was taken, it did not establish grounds for a separation. Nevertheless, findings of fact and conclusions of law were signed. Manifestly, they are not supported by the record.

Rule 283 of the Rules of Civil Practice provides: " No judgment * * * for a separation shall be made of course by the default of the defendant, or in consequence of any neglect to appear at the hearing of the cause, *or by consent.*"

Though thus forbidden to do so, defendant entered judgment on her counterclaim by consent. The rule and its observance are matters of public concern, for the rule is but the expression of public policy that separations and divorces shall not be decreed at the whim of the parties. The rights of third persons not being affected, we do not believe the application should be denied on the score that there was a mere irregularity and that a year has expired.

Whether the time to appeal has or has not expired, the judgment must be vacated.

In *Boyer* v. *Boyer* (129 App. Div. 647) the court said: " The only question presented by this appeal is whether the original decree is valid. I think it is not, because it was made in violation of the mandatory rule of the court, which had all the force and effect of a statute * * *, and the court was not at liberty to disregard it. * * *

" It is contended by the learned counsel for the respondent that defendant having submitted to the jurisdiction of the court and

consented to the entry of the decree, cannot now be heard to complain. The trouble with this contention is that he consented to the very thing which the rule provided should not be done, and no jurisdiction could be conferred upon the court to violate it."

In *Taylor* v. *Taylor* (123 App. Div. 220) the court said: " It seems that resort to this method of proving any material fact, from which an inference establishing the charge of adultery can be drawn, must necessarily be held not permissible, or the rule in regard to the necessity of actual proof of the fact abandoned. The result of the adoption of any other course of practice would permit the granting of a divorce on the consent of defendant, which is absolutely prohibited."

The decision and findings of the court expressly recite that judgment is entered on " a stipulation heretofore entered into between the plaintiff and the defendant on the 27th day of March, 1924, having been offered in evidence."

The order appealed from should be reversed and the motion granted.

CLARKE, P. J., DOWLING, FINCH and McAVOY, JJ., concur.

Order reversed and motion granted.