IDA MARIE SIGMUND, Respondent, v. SOL FRANK SIGMUND, Appellant.

Fourth Department, June 30, 1931.

*William H. Hartzberg* [*Philip Halpern* of counsel], for the appellant.

*Jay T. Barnsdall, Jr.* [*James O. Moore* of counsel], for the respondent.

CROSBY, J. Plaintiff secured a judgment of separation, with an allowance of fifty dollars per week alimony, and thereafter moved to punish defendant for contempt of court for failure to pay the alimony. Defendant made a cross-motion to vacate the judgment. The two motions were heard together, and both were decided adversely to defendant. It is best to consider first defendant's appeal from the order denying his motion to vacate the judgment, for, if that motion should be granted, obviously no proceeding to punish for contempt can be based on a void judgment.

The issues in the case were referred to an official referee for trial and judgment was entered, as of course, upon the referee's report, without application being made to the Special Term, in accordance with the provisions of section 1174 of the Civil Practice Act (as amd. by Laws of 1927, chap. 220). The referee made findings of fact and conclusions of law in support of the judgment. It is the contention of the appellant that the judgment is entirely void because of insufficient findings of fact. The only finding of fact to support plaintiff's judgment of separation is one reading as follows: " That the defendant, Sol Frank Sigmund, by his answer admits the abandonment of the plaintiff within the State of New York."

To the respondent's claim, that this finding is sufficient, there are three answers: *First*, that the answer makes no such admission. In fact, the answer categorically denies the allegation of abandonment in these words: " Denies that defendant abandoned plaintiff in March, 1930, or at any time." To be sure the answer does allege that " defendant has refused to cohabit with plaintiff for reasons well understood by her," and also " admits that defendant has refused and still refuses to live with plaintiff," but these allegations and admissions must be read in connection with the further allegation of the answer " that about January, 1930, plaintiff proposed that the parties should separate and defendant agreed thereto, and defendant offered to provide the plaintiff with support according to his means and ability." As was said in *Powers* v. *Powers* (33 App. Div. 126): " It is only where the husband deserts the wife without her consent and refuses to give her adequate and proper support, that an action for abandonment will lie."

A *second* answer to the claim that the finding, above quoted, was sufficient to support a judgment of separation, is that rule

283 of the Rules of Civil Practice provides that "No judgment * * * for a separation, shall be made of course by the default of the defendant, or in consequence of any neglect to appear at the hearing of the cause, or by consent." Here the judgment rests solely on an alleged admission in the answer, which, even if made, would constitute a form of consent by defendant to the separation. A judgment of divorce or separation cannot be granted on the pleadings.

And a *third* answer is, that a finding that the defendant "admits the abandonment of the plaintiff" comes far short of being a finding, based on evidence, that defendant had actually been guilty of abandonment. The evidence in the case is not printed in the record. Even if the evidence should disclose that there was proof of abandonment, still it would be necessary that the referee pass on the probative value of such proof and make a finding of fact thereon. To find that a party or witness claimed or admitted or testified to a certain fact is not a finding that the fact is as claimed, admitted or testified to.

I reach the conclusion that no judgment should have been entered on the findings as made. Cases can be found where the appellate courts have remitted the matter back to the referee to correct the findings. (*Smith* v. *Geiger*, 202 N. Y. 306.) That cannot be done in this case, because, after the lapse of sixty days from the time when the matter was finally submitted to the referee, defendant exercised his right, under section 470 of the Civil Practice Act (as amd. by Laws of 1921, ch. 372), to terminate the reference.

It only remains to determine whether the judgment can be attacked in the present fashion, without having taken an appeal therefrom.

In *Lederer* v. *Lederer* (108 App. Div. 228) it was held that a referee's report which did not separately state the findings of fact and conclusions of law was insufficient foundation for a judgment of divorce. In that case the appeal was from the judgment, and brought up for review exceptions taken to the entry of judgment. The case of *Boyer* v. *Boyer* (129 App. Div. 647) is more nearly like the instant case. There, after the judgment was entered, its validity was questioned in a proceeding to appoint a receiver of defendant's property because of his failure to pay alimony, and the judgment was held invalid because it was entered in violation of what was then rule 76 of the General Rules of Practice, now incorporated in rule 283 of the Rules of Civil Practice. (See, also, *Greenfield* v. *Greenfield*, 215 App. Div. 504, and *Taylor* v. *Taylor*, 123 id. 220; also *Rowlands* v. *Young Men's Christian Assn.*, 32 Misc. 421.)

It is not necessary to decide the other question raised by appel-

lant — that the judgment is invalid because the reference was to a referee nominated and agreed to by the parties, in violation of rule 281 of the Rules of Civil Practice. The referee being an official referee, this question has not been directly decided so far as I have been able to find.

The order denying the motion to vacate the judgment herein should be reversed on the law and the motion granted, without costs.

The judgment being vacated, the order to punish for contempt in failing to pay the alimony awarded by the judgment should also be reversed on the law and the motion denied, without costs.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Order denying defendant's motion to vacate judgment reversed on the law, without costs of this appeal to either party, and motion granted, without costs. Order committing defendant for contempt reversed on the law, without costs of this appeal to either party.