■ Lucy Fraioli, Plaintiff, v. Thomas Fraioli, Defendant.— Submission of a controversy upon an agreed statement of facts, pursuant to section 546 of the Civil Practice Act. An action between the same parties is presently pending in the Supreme Court, Westchester County, in which plaintiff seeks a permanent separation and defendant counterclaims for a separation. The facts stipulated are founded on the allegations of the pleadings in such action. We are asked to answer certain questions and based on those answers to render judgment accordingly. Submission dismissed, without costs to either party. While this proceeding is designated as a submission pursuant to section 546 of the Civil Practice Act, it is in reality an attempt to have this court determine, upon an agreed statement of facts, an action pending in the Supreme Court. This is not proper procedure. Furthermore, a matrimonial action, involving as it does important questions of public policy and the interests not alone of the parties thereto but those of the State itself (*Fearon* v. *Treanor*, 272 N. Y. 268, 272), is not one which lends itself to determination on an agreed statement of facts. No judgment in such an action may be entered on the default of the defendant or on consent (Rules Civ. Prac., rule 283; *Sigmund* v. *Sigmund*, 233 App. Div. 214). In effect, the court is asked to make certain conclusions of law and, based on these conclusions, to direct a consent judgment in accordance with the conceded facts. This we cannot do; it is necessary for the trial court to pass upon the probative value of the proof and to make findings of fact thereon. To find that a party admitted a certain fact is not a finding that the fact is as admitted (*Sigmund* v. *Sigmund, supra*). The issues presented must be determined after a trial of the pending action and any conclusions on the merits which we might now make would be purely advisory. This court does not render advisory opinions. Present — Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.