Louis B. Heller, J.
In this divorce action, predicated on adultery, plaintiff moves to dismiss the defendant’s defenses that the parties, by their separation agreement, allegedly interred their marriage and consented to each living with other mates, so that "no breach of faith or infidelity was possible thereafter.” Defendant cross-moves for an examination before trial of plaintiff as to his financial status.
Defendant’s admission that since "November 1973 to the present defendant has resided with and has had sexual relations with Dr. [L],” coupled with her bizarre defense that the separation agreement of the parties "did not exclude sexual relations with third parties” impelled this court to request the parties to produce a copy of the separation agreement. Many, indeed, have been the matrimonial matters considered by this court but never has so strange a defense been presented.
The agreement, as anticipated, contains the usual clause *784 wherein the parties agree to "live separate and apart * * * free from interference * * * direct or indirect, from the other, as fully as if he or she were single and unmarried * * * [to] reside at such place or places as he or she may select * * * [and neither shall] compel or attempt to compel the other to cohabit with him or her”. The agreement does not state nor may defendant construe its language to sanction a new concept of legalized adultery.
This court is not about to usurp the prerogatives of our Legislature and give judicial approval to that which has been declared illegal and violative of our Penal Law. Despite the so-called "enlightened” and "liberal” regard for the life styles of our current twentieth century "jet set”, section 255.17 of the Penal Law still provides that
"a person is guilty of adultery when he engages in sexual intercourse with another person at a time when he has a living spouse, or the other person has a living spouse.
"Adultery is a class B misdemeanor.” It is the public policy of our State to honor marriage and perpetuate its continuance. Statutes and judicial precedents bar any attempts, innocent or insidious, to interfere with, deprecate or destroy our government’s interest in protecting and preserving the family unit, sanctified by marital vows.
Though defendant admits to living with and having "sexual relations with Dr. [L],” it is elementary statutory law, hallowed by judicial obeisance that no final judgment of divorce "without satisfactory proof of the grounds therefor,” may be granted to a spouse by the affirmative act of agreement, confession, admission in a pleading or by defaulting in appearance in the matrimonial action (Domestic Relations Law, § 211; see Greenfield v Greenfield, 215 App Div 504; Sigmund v Sigmund, 233 App Div 214; Fraioli v Fraioli, 1 AD2d 967; Grobin v Grobin, 184 Misc 996; Punzi v Punzi, 191 Misc 36, affd 275 App Div 766).
Defendant’s defense that plaintiff is not free of the same guilt of adultery charged to her is not sufficient as a defense. Plaintiff’s alleged misdeed to be cognizable as a defense must be "under such circumstances that the defendant would have been entitled, if innocent, to a divorce.” (Domestic Relations Law, § 171, subd 4.) The statutory phrase "if innocent” means that should this defendant as an innocent plaintiff in a divorce action charge her husband with the guilt of adultery she must *785 allege and prove that such offense had not been procured, connived at, or condoned and that the action was not commenced more than five years since her discovery "of the offense charged.” (Domestic Relations Law, § 171, subd 3; see, also, Ryan v Ryan, 132 Misc 339; Mays v Mays, 22 NYS2d 702, affd 261 App Div 984; Recht v Recht, 36 AD2d 939.)
Accordingly, plaintiffs motion to strike out defendant’s defenses contained in paragraphs "Second”, "Third”, "Fourth”, "Fifth”, and "Sixth” of her answer is granted to the extent of striking out therefrom all references to an agreement absolving and sanctioning in advance defendant’s adopting and pursuing an adulterous life style of her "own choosing free from interference” and to any charges of plaintiffs indiscretions unless they are cognizable at law as herein indicated. Since defendant’s defense of recrimination is interwoven with allegations of justification by reason of the separation of the parties and their lack of consortion pursuant to agreement, defendant will be permitted to replead and separately set forth her denials, if any, and her affirmative defenses.
Defendant’s cross motion for an examination before trial is denied in view of her unnecessary delay in making the request and her awaiting the imminence of trial to seek the examination, and then only as a countermove to plaintiffs motion. Plaintiff, however, shall furnish to defendant, at least five days before trial, a sworn statement of his financial status in the same manner as is required by section 250 of the Domestic Relations Law. Child support is an issue here. Procedural obstacles preventing proper presentation of facts that may better enable a presiding Judge to determine the issues before him are no longer regarded with favor. This court will not countenance tactical bars to pretrial disclosures that permit the withholding of material facts from the court. Financial disclosure is vital to the court’s proper fixing of the amount of support to be furnished for the two children of their marriage (see Grant v Grant, Pantano, J., NYLJ, Dec. 2, 1975, p 10, col 4).
Accordingly, plaintiffs motion is granted to the extent indicated herein and defendant’s cross motion is denied, provided plaintiff, in lieu of his examination before trial, furnishes to defendant a sworn statement as described in section 250 of the Domestic Relations Law.