## SUPREME COURT.

WILLIAM SISSON agt. EDMUND W. LAWRENCE and others.

A *county judge* has power to grant an order, *ex parte*, to *extend time to answer thirty days*

Such an order is *not a stay of proceedings* of the plaintiff for a longer time than *twenty days*, and therefore requiring *notice* under the provisions of sub. 6, § 401 of the Code.

*Monroe Special Term, December*, 1862.

MOTION by the defendant to set aside judgment for irregularity.

WM. CLARK, *for defendant.*
D. H. DEVOE, *for plaintiff.*

JAMES C. SMITH, Justice. I think that the order of the county judge, extending the time to answer thirty days, although *ex parte*, was valid, and that the judgment which the plaintiff took by default for want of an answer, after he had been duly served with the order, and before the time granted thereby had expired, is for that reason irregular, and should be set aside. The county judge had power to make the order under section 405 of the Code of Procedure.

It is claimed, however, by the plaintiff, that the order had the effect to *stay his proceedings*, and that it is therefore within section 401, subdivision 6, which provides that no order to stay proceedings for a longer time than twenty days shall be granted by a judge out of court, except upon notice.

But this position seems to me untenable. An order extending the time to answer is not an order *staying* proceedings. It does not obstruct the plaintiff's path, except to prevent his taking steps against the defendant, as in default for want of an answer. In all other respects he is at full liberty to proceed as if the order had not been made. Thus, he may examine witnesses conditionally, or avail himself of the important " provisional remedies" prescribed by the Code. The order enlarging time is made for the sole purpose of securing to the applicant a reasonable opportunity of doing some act in the suit, permitted by the established practice, and which, by reason of some extraordinary circumstance, he has not been able to perform within the usual time allowed for that purpose. As all the facts and circumstances which are to be considered upon an application for an order of that nature, relate exclusively to the ability of the applicant to perform the act within the time prescribed by law or the rules of court, the legislature have not required notice to be given of the application, and have

left it to the judge in each case to determine in his discretion how far the time shall be extended.

But an order staying proceedings has reference solely to the proceedings of the applicant's adversary. It is based upon the idea that it would be unconscientious to allow him to proceed, and it binds him so that he cannot stir. The manifest reasons which induced the legislature to limit the time during which an order so stringent shall be effectual, when made by a judge out of court, without notice, have no application to an order extending time.

To hold that the county judge had not power to make the order in question, simply because it incidentally stayed the plaintiff from proceeding to judgment, would be a virtual repeal of section 405, as it is difficult to conceive of an order enlarging the time of one party which does not incidentally delay the proceedings of the opposite party in some particular. If it be urged that the discretionary power given by section 405 is peculiarly liable to abuse, the obvious answer is, that considerations of that nature should be addressed to the legislature and not to the courts.

The conclusion to which these views lead is supported by the case of *Wilcock* agt. *Curtis*, (1 *Code R.*, 96 ;) but as that case stands alone, so far as I have observed, and a doubt has been expressed as to its correctness, (1 *Whittaker's Pr.*, 177 ; *id.*, 450,) I have considered the question on its merits.

The judgment is also irregular for the reason that the plaintiff caused the damages on the note in suit to be assessed by the clerk, without notice to the defendants, although they had given due notice of appearance, and the complaint was not sworn to. (*Code*, § 246.)

The judgment and all subsequent proceedings must be set aside, with costs of this motion, and the defendants must be permitted to answer in ten days after the entry of the order.