In the Matter of the Application of FRANCIS G. MOORE, a Student at Law.

The rules of courts, being made under special statutory authority, have the force and effect of statutes.

While a failure to comply with a rule, which is merely directory in its provisions, may be obviated by allowing the act required to be performed to be done, *nunc pro tunc,* this is not so with reference to mandatory provisions.

This court will not therefore, by allowing the regents' certificate to be filed, *nunc pro tunc,* exempt an applicant for admission as an attorney from the obligation of its rules (sub. 3 of rule 4 relating to admission of attorneys), requiring proof that the applicant had before, or within three months after the commencement of his clerkship, passed the prescribed regents' examination.

(Submitted January 17, 1888; decided January 24, 1888.)

MOTION for leave to file a regents' certificate of examination *nunc pro tunc.*

*Per Curiam.* The above is one of a number of applications recently made to this court, requesting an order exempting the applicant from the obligations of subdivision 3 of rule No. 4, relating to the admission of attorneys and counsellors, requiring proof that applicants for admission as attorneys had before or within three months after commencing their clerkships, passed the regents' examination prescribed by the rules.

This rule was adopted by the court in 1882, has been extensively published in the rules and otherwise since, and has, from the time of its adoption, been uniformly enforced in the examination of students throughout the state.

There would seem to be no valid reason why a person called upon to determine the, to him, important question of selecting an avocation for life, should not have made himself familiar with the conditions imposed by law upon the privilege of pursuing such avocation. Notwithstanding this fact, it is apparent that many students have heedlessly remained in ignorance of the rule until their periods of study had nearly, or quite, expired, and have then come to this court with applications to

be exempted from its operation. The object of this rule can be obtained only by its uniform and strict enforcement. It was clearly its intention, by requiring certain intellectual qualifications on the part of students when commencing their course of legal studies, to insure, as far as possible, the attainment of the ability required, when finally licensed by the court, to perform the responsible and important duty of advising clients as to their legal rights and duties.

This rule, like all statutes, should be construed so as to promote the object which its framers had in view in adopting it. The rules of courts are made under special statutory authority, and when made, have the force and effect of statutes. (*People, ex rel. Mayor, etc.* v. *Nichols*, 18 Hun, 535.) While a rule, which is merely directory in its provisions, may be disregarded or obviated by allowing the act required to be performed to be done *nunc pro tunc*, this is not so with reference to mandatory provisions. Here the object of the rule was to require, at the commencement of the clerkship, certain specified proof of the student's qualifications. This proof cannot be allowed to be subsequently supplied, without defeating its object and practically annulling its provisions. We do not think we are at liberty to do this. When the rule was adopted it became the law for the court as well as for the citizens upon whom it was designed to operate, and we have no more power to disregard its provisions, in determining the rights of a student, than we should have to disregard the force of a statute in determining the rights of individuals thereunder. We conceive that it would be quite unfortunate for any lawyer to commence the practice of the law under the impression, that obedience to the requirements of the law, could safely be disregarded, and that he could trust to favor or indulgence, to be relieved from the punishment which follows such conduct to the general public. It may be unfortunate for the individual that he should be obliged to continue the study of the law for a longer period of time than others who have complied with the provisions of the rules, but it is a misfortune which he has

brought upon himself by inexcusable carelessness, and a dis-
regard of the most ordinary precaution.

The application should be denied.

All concur.

Application denied.