JOHN TRAVIS, APPELLANT, v. BERNARD TRAVIS, RESPONDENT, AND JESSE TRAVIS, APPELLANT.

*Undertaking on appeal — it may be executed by a surety company, under section 811 of the Code of Civil Procedure, as amended by chapter 416 of 1886 — requirement as to its approval by a judge before it is filed.*

By chapter 416 of 1886, section 811 of the Code of Civil Procedure was amended so as to provide that "the execution of any such bond or undertaking, by any fidelity or surety company authorized by the laws of this State to transact business, shall be equivalent to the execution of said bond or undertaking by two sureties, provided the same is approved by a judge of the court in which such bond or undertaking is given; and such company, if excepted to, shall justify through its officers or attorney in the manner required by law."

*Held,* that this act was intended to make the execution by such a company of an undertaking upon an appeal equivalent to its execution by two sureties.

That the approval of a judge of the court in which it was given must be indorsed on the undertaking before it is filed, and that without his indorsement the undertaking is entirely null. (Per BARNARD, P. J.; PRATT, J., dissenting.)

*It seems,* that there is doubt as to whether the amendment covers an appeal to the Court of Appeals. (Per BARNARD, P. J.)

APPEAL from an order made at the Westchester Special Term granting a motion to dismiss an appeal.

An order of the General Term of the Second Department, reversing on the law and facts, a judgment entered upon the report of a referee, was entered on the 11th May, 1887. On the eleventh of July a notice of appeal and a copy of an undertaking was served on behalf of the defeated parties, and exception to the sureties on the undertaking was thereafter duly served. Notice of justification was given and extended at appellant's request, by consent or order from time to time, to November fifth, on which day the appellants served a copy of an undertaking executed by the American Surety Company of New York, as sole surety, which had not been approved by any judge.

*Charles H. Machin,* for the plaintiff, appellant.

*D. Crawford,* for the defendant Jesse Travis, appellant.

*Martin Keogh,* for the defendant Bernard Travis, respondent.

BARNARD, P. J.:

An ordinary undertaking, with two sureties, need not be approved. The respondent could except to the sureties, and if, on notice, they were found sufficient, the judge before whom the justification took place was to indorse his allowance on the undertaking. (Code Civil Pro., § 1326.)

By chapter 416, Laws of 1886, surety companies authorized by the law of the State could undertake for the two sureties when two were required, "provided the same is approved by a judge of the court in which such bond or undertaking is given, and such company, if excepted to, shall justify through its officers or attorney in the manner required by law." We think it was the design by this act to make the surety company equal to two sureties upon an appeal

to the Court of Appeals. It is true that the act only purports to amend section 811, and by the next section, 812, to be limited to those cases where an approval is needed by the judge. There is great doubt on the question whether the amendment covers an appeal to the Court of Appeals, but if it does, then the approval must be indorsed on the undertaking before it is filed, and without this the undertaking is entirely null. The act of 1886 only makes the company equal to two sureties when it is approved by the judge. This approval is entirely separate and distinct from the certificate given to the sufficiency of sureties on exception to them. The surety company also justify if excepted to.

The order should be, therefore, affirmed, with costs and disbursements, but it is not right that the appeal should be lost, leave is, therefore, given for the appellant to apply to a justice of the court for the approval of the bond, with the right thereafter to respondent to except in the usual way.

PRATT, J.:

The service of notice of appeal on July eleventh, accompanied by an undertaking in due form, appealed the case. Jurisdiction fully attached. If, thereafter, any mistake or irregularity occurred the proceeding does not become void, but the court has power to grant relief and may permit amendments or supply omissions. (Secs. 724, 1303, 1326, Code of Civ. Pro.) *Architectural Iron Works* v. *Brooklyn* (85 N. Y., 652), is exactly upon the point and is decisive.

Ordinarily these amendments are allowed very much as matters of course. No court that is conscious of having attempted to do its duty will shrink from submitting its determinations to review by the tribunals constituted for that purpose; and no case is cited where the right of appeal has been forbidden to a suitor who has been willing to supply the defects or errors in his proceedings. In the case at bar the sureties upon the original undertaking, which is conceded to be in due form, did not attend to justify on the day appointed, and the time for justification and for service of new undertaking to perfect the appeal was extended by various orders until November fifth, when the undertaking of the surety company was served.

It is contended that some of the extensions of time are void as having been obtained *ex parte*, not upon notice. We are not of that opinion. The time previously allowed had in no case expired, and the universal practice has been that in such case notice of motion is not required. When a default has occurred, and not otherwise, notice of motion has been exacted, and properly; but it would be intolerable were a formal notice required for an extension of the time within which to take the usual and ordinary steps of a cause. The extension of time to answer is a case in point; and were a motion upon notice requisite, the danger to suitors would be extreme. The appeal having been already taken in due time and no default having occurred, the orders extending the time to perfect the appeal were regular. Were it otherwise, the order granted October thirty-first, on motion of defendant's attorney, extending the time to November fifth, was a waiver of any previous irregularity, and an undertaking filed on November fifth was not too late.

Further question is made that the undertaking of the surety company not having been approved by a judge before filing was not regular, and upon this ground the order appealed from proceeds. The question is by no means free from doubt. The rule has been that where security is required against some injurious act like the granting of an attachment, an arrest against the person or an injunction, the security exacted as a condition should be in advance approved by the court. Until the order now appealed from, we are not aware that such approval has ever been required upon appeal bonds, unless the respondent rendered it necessary by signifying his dissent to the security tendered. As no active interference with his rights is contemplated, there would seem to be no reason for such preliminary approval, but the contrary. Ample protection is secured by the power to compel justification in open court, by giving notice of exception. But whether, in strictness, the undertaking should or should not have been approved before filing, it is clear that the objection, if well founded, should have been pointed out at once; and, if not so pointed out, was waived. The surety company is organized by law for the purpose of giving such undertakings. Suitors must give ample security to the company before their guaranty can be obtained. No judge would hesitate to approve their bond at once; no attorney would fail to obtain the approval,

if it were deemed important. Had objection been made it would have been remedied at once.

Where the bond is merely for costs on appeal, it is hardly to be supposed that any litigant would except to the undertaking, unless for vexation. Under these circumstances, where the bond has been received without objection, no exception noticed, and the time, therefor expired, we are satisfied that the objection, if any existed, was waived. The right to appeal should not be thus denied. Such was the decision of the Court of Appeals in 85 New York, 652, although the notice of appeal was not accompanied by any bond.

The order appealed from must be reversed, with ten dollars costs and disbursements, with leave to appellants to present the undertakings for approval, *nunc pro tunc*, if so advised.

DYKMAN, J., not sitting.

Order modified in accordance with opinion. Order to be settled by BARNARD, P. J.