### *In re* MAXWELL.

#### (*Supreme Court, General Term, Third Department.* May 21, 1891.)

RULES OF COURT—PUBLICATION—MANDATORY STATUTE.

    Rules Ct. App. N. Y. 2, 4, as amended, require a law student to pass a regents' examination, under certain circumstances, as preliminary to the application for admission to the bar. Code Civil Proc. N. Y. § 18, provides that a general rule of the court of appeals "does not take effect until it has been published in the newspaper * * * once in each week for three successive weeks." Section 57 provides, with respect to the rules of the court of appeals touching the admission of attorneys to the bar, that "a copy of each amendment of those rules must be, within five days after it is adopted, filed in the office of the secretary of state, who must transmit a printed copy thereof to the clerk of each county, * * * and also cause the same to be published in the next ensuing volume of the Session Laws." *Held*, that the provisions of section 57 are merely directory. It is no objection to such amendments of rules 2 and 4 that they were not published in the session acts, and that no copy thereof was filed in the clerk's office.

Application by John S. Maxwell for admission to the bar. Code Civil Proc. N. Y. § 18, provides that a rule of the court of appeals "does not take effect until it has been published in the newspaper published at Albany in which legal notices are required by law to be published, once in each week for three successive weeks." Section 57 provides, with reference to amendments of the rules of the court of appeals respecting the admission of attorneys to the bar, that "a copy of each amendment of those rules must be, within five days after it is adopted, filed in the office of the secretary of state, who must transfer a printed copy thereof to the clerk of each county, * * * and also cause the same to be published in the next ensuing volume of the Session Laws."

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*John S. Maxwell, pro se.*

LEARNED, P. J. Mr. Maxwell has been examined at this term, and has shown himself to be qualified. The only difficulty is that he had not passed the regents' examination, as prescribed by rules 2 and 4 of the court of appeals, respecting admission of attorneys and counselors. That court has held the filing of proof of such examination mandatory, and has refused to file

such proof *nunc pro tunc.* *In re Moore,* 108 N. Y. 280, 15 N. E. Rep. 369. We are now asked to admit Mr. Maxwell on the ground that those rules are invalid, because they have not been published in the Session Laws, and a copy has not been filed in the office of the clerk of Montgomery county, as required by section 57. Section 18 declares that a general rule of the court of appeals does not take effect until it has been published in the state paper for three weeks. But there is no similar provision in section 57. Therefore we think that the requirements of that section are only directory. If they were mandatory, a rule might be adopted, say in July, which could not take effect for nearly a year, since the next ensuing volume of the Session Laws might not be issued for a year afterwards. The counsel refers us to *In re Douglass,* 46 N. Y. 42. But in that case the common council was prohibited from passing certain resolutions until after certain publication in newspapers. That was · a very different provision from that contained in section 57 of the Code. We must deny the application. All concur.