(14 Misc. Rep. 181.)

## CONDON v. CHURCH OF ST. AUGUSTINE et al.

(Common Pleas of New York City and County, Special Term. October 22, 1895.)

AMENDMENT OF ANSWER—EXTENSION OF TIME—EX PARTE APPLICATION.

Code Civ. Proc. § 781, provides that, where the time within which a proceeding in an action must be taken has begun to run, and has not expired, it may be enlarged on an affidavit showing grounds therefor. *Held*, that an extension of time to serve an amended answer may be granted ex parte, though one extension has already been allowed, where the motion is made before the period of the first extension has expired.

Action by Patrick J. Condon against the Church of St. Augustine and others. Plaintiff moves to vacate an order extending the time of defendant the Church of St. Augustine to serve an amended answer. Denied.

Miller & Miller, for plaintiff.

Bernard J. Tinney, for defendant Church of St. Augustine.

GIEGERICH, J. The time of the defendant the Church of St. Augustine to serve an amended answer was extended by stipulation of the parties until September 30, 1895. On that day the said defendant, ex.parte, obtained from the court an order extending its time until and including 10 days after the entry and service of an order on another motion then pending. The plaintiff seeks to have this order vacated upon the ground that no notice of the application was given, and that a judge had no power, ex parte, to make the order, and in any event should have limited the extension to 20 days. A party may amend a pleading once within 20 days after its service. Code Civ. Proc. § 542. Where the time within which a proceeding in an action, after its commencement, must be taken has begun to run, and has not expired, it may be enlarged, upon an affidavit showing grounds therefor, by the court or by a judge authorized to make an order in the action. Id. § 781. Notice to the adverse party is not necessary where the application is made before the time has expired. Travis v. Travis, 48 Hun, 343, 346, 1 N. Y. Supp. 357. As I understand the facts of this case from the affidavits submitted, the said defendants' time had been extended by stipulation to September 30th, and the application for the order extending the time further was made upon that day, before the time had expired. The judge, therefore, had power to grant the application, and I think his discretion was properly exercised, a motion to consolidate this action with another being then pending. This order was made pursuant to the sections of the Code heretofore quoted, and not under section 723. The cases cited by the plaintiff relate to an application to amend a pleading, and not to one for an extension of time, which has begun to run, but has not expired. Section 775 of the Code, directing that an order to stay proceedings shall not be made for a longer time than 20 days, does not apply to an order extending the time to answer (Wilcock v. Curtis, 1 Code R. 96; Sisson v. Lawrence, 25 How. Prac. 435; 1 Rum. Prac. p. 228), and for the same reason does not apply to an order extending the time to amend an answer.

The order was a proper exercise of judicial discretion, and this motion is therefore denied, with $10 costs to the said defendant to abide event.