(140 App. Div. 323.)

### TUSKA v. HELLER, HIRSH & CO. et al.

(Supreme Court, Appellate Division, First Department. October 21, 1910.)

1. PLEADING (§ 85*)—TIME TO ANSWER—EXTENSION—COURT RULES.

Defendant's time to answer having been extended by stipulation for more than 20 days, before that time expired defendant obtained an ex parte order to show cause why certain allegations of the complaint should not be stricken, which order provided that defendant's time to answer or demur should be extended to 10 days after the service of the copy of the order entered on the motion and notice of entry thereof on its attorneys. *Held*, that such order extending the time to answer was a violation of general practice rule 24, providing that, after time to answer has been once extended by stipulation for more than 20 days, no further time shall be granted, except on 2 days' notice to the adverse party.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 174–177; Dec. Dig. § 85.*]

2. PLEADING (§ 85*)—TIME TO ANSWER—INDEFINITE EXTENSION.

An indefinite extension of defendant's time to answer, to and including 10 days after the service of a copy of an order entered on a motion to strike parts of the complaint, is erroneous.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 174–177; Dec. Dig. § 85.*]

Clarke and Scott, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Benjamin Tuska against Heller, Hirsh & Co., impleaded with others. From an order denying plaintiff's motion to vacate an ex parte order extending the named defendant's time to answer, he appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Carl S. Stern, for appellant.
Nathan D. Stern, for respondent.

McLAUGHLIN, J.    After the complaint in this action had been served upon the respondent, its time to answer was extended by stipulation for a period exceeding 20 days.    Before the time to answer as extended by the stipulation had expired, it obtained an order to show cause why certain allegations of the complaint should not be stricken out, and which order also contained a provision:

"That the time for the defendant Heller, Hirsh & Co. to answer or demur to the complaint herein be extended to and including 10 days after the service of a copy of the order entered upon this motion and notice of entry thereof upon its attorneys."

The plaintiff thereupon obtained an order to show cause why the extension of time to answer or demur should not be vacated and stricken from the order obtained by the respondent, on the ground that such extension was obtained without notice, in violation of rule 24 of the general rules of practice.    The motion was denied, and this appeal is from the order denying the motion.

The motion should have been granted.    The time of the respondent to answer or demur had already been extended more than 20 days by stipulation, and rule 24 provides that when that has been done "no further time shall be granted by order, except upon two days' notice to the adverse party of the application for such order."    No notice was given, the order being obtained ex parte.    The rules of practice have the force and effect of statutes (Matter of Moore, 108 N. Y. 280, 15 N. E. 369; Boyer v. Boyer, 129 App. Div. 647, 114 N. Y. Supp. 15), and are "binding upon all the courts in this state and all the judges and justices thereof, except the court for the trial of impeachments and the Court of Appeals" (Judiciary Law [Consol. Laws, c. 30] § 94).    The extension contained in the order to show cause was expressly forbidden by rule 24, and the appellant was therefore entitled as a matter of right to have it stricken therefrom.

The case of Condon v. Church of St. Augustine, 14 Misc. Rep. 181, 35 N. Y. Supp. 382, was decided under section 775 of the Code of Civil Procedure, and is not an authority to the contrary.    It should also be noted that the order extends the time to answer indefinitely, and this was improper.

The order appealed from is therefore reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

INGRAHAM, P. J., and LAUGHLIN, J., concur.

CLARKE, J.    I dissent.    On May 21, 1910, an order to show cause was granted by a justice of the Supreme Court why an order should not be made striking out 86 paragraphs of the complaint.    This order was returnable at Part 1 on the 25th of May.    It contained the following paragraph:

"And it was further ordered that the time of the defendant Heller, Hirsh & Co. to answer or demur to the complaint herein be extended to and includ-

ing 10 days after the service of a copy of the order entered upon this motion, and notice of entry thereof, upon its attorneys."

And it further provided that service of a copy of the order and the annexed affidavit on or before the 21st of May should be sufficient. Upon the return of the order to show cause, the motion to strike out was substantially granted, and upon the appeal from said order to strike out, the order. was affirmed by this court, on the ————— day of October, 1910. On the 24th of May an order to show cause was made why the provision for the extension of time to answer or demur should not be stricken out, and said provision vacated, which motion having been denied, this appeal is taken.

The majority of this court has agreed to reverse the order and grant the motion, upon the ground that the extension provided for in the order to show cause was in violation of rule 24 of the general rules of practice. The extension granted was not a bare extension of time to plead, but was incidental to an order to show cause, made for the purpose of having stricken out the major part of a voluminous complaint, a complaint so bad that the Special Term and this court have held that it ought not to be answered in the form that it then stood. While I quite agree that the rules of practice must be observed, I do not think that said rule was intended to cover an extension made under the circumstances disclosed by this record as an incident to a motion made to reform the pleading. Nor do I think it was necessary to make two independent motions to obtain the same result granted by the order to show cause.

For these reasons, I record my dissent in the action of this court about to be taken.

SCOTT, J., concurs.