REBECCA KEMELHOR et al., Plaintiffs, *v.* SAMUEL KRAVITZ et al., Defendants.

Supreme Court, Trial Term, Bronx County, November 12, 1952.

*Alvin J. Sander* and *Louis H. Levine* for plaintiffs.

*Samuel Morgenbesser* for Samuel Kravitz, defendant.

MATTHEW M. LEVY, J. This cause was marked " off " the Non-Jury Day Calendar on October 7, 1952, because of the non-appearance of the parties on that day. The plaintiffs move for restoration. The defendant defaulted on the motion. However, in view of the current calendar congestion, it has been my practice not to grant on default or by consent motions to restore to

the trial calendar those causes which have been dismissed or marked off or where inquests have been taken — unless sufficient merit and adequate excuse be presented. Under existing calendar conditions such motions cannot be considered as routine applications, to be granted for the mere asking.

The plaintiffs' motion is supported by affidavit of October 20, 1952, to the effect that '' The failure to answer the calendar was occasioned by error on the part of the deponent's office in recording this action under the jury issue instead of the non-jury issue on deponent's calendar. * * * Deponent respectfully submits that the plaintiff has a good and meritorious cause of action and that this error was occasioned through an oversight.''

Since no merits whatsoever were shown in the moving papers, I undertook to examine the filed papers. There I found, among other things, that this cause had been previously marked '' off '' the Non-Jury Day Calendar on September 21, 1951, and that when the plaintiffs moved to restore, the then application was supported by an affidavit of March 26, 1952, to the effect that '' The failure to answer the calendar was occasioned by an error on the part of deponent's office in recording this action as a jury issue instead of a non-jury issue on the office calendar. Deponent respectfully submits that plaintiff has a good and meritorious cause of action and that the failure to answer this calendar was caused by an oversight.''

Lightning should not be permitted to strike twice in the same place. While the first default was completely overlooked, the present one cannot be. The reasons must be obvious. Suffice it to say that no one charged with the judicial responsibility of handling the day-to-day disposition of our congested calendars can ignore the situation thus presented.

The accident in this case is claimed to have occurred on January 3, 1951. As a nonjury cause, it could and should have been disposed of long ago. Repeated defaults do injustice to client, counsel, court and community. They cannot be lightly disregarded.

The action is for $10,000 for the wife's main case, and $2,000 for the husband's derivative action. The injuries do not warrant Supreme Court consideration. The bill of particulars indicates no hospitalization, no lost earnings, four weeks' intermittent disability, and $126.75 special damages. The injuries can well be compensated for in the City Court in view of the enlarged monetary jurisdiction of that tribunal.

The motion to restore is granted on default, upon condition that the plaintiffs consent to transfer the cause to the City Court, Bronx County, where the case may be tried immediately without the hazard of further delays and defaults. Unless consented to accordingly, the motion is denied. Settle order.