LILLIE SIEGEL, Plaintiff, *v.* PAUL I. ADDISON, Defendant.

Supreme Court, Trial Term, Bronx County, January 28, 1954.

*A. David Lingel* and *Leon C. Carlen* for plaintiff.

*John J. O'Connor* for defendant.

MATTHEW M. LEVY, J.   The plaintiff has moved for an " order restoring the above entitled action to the Jury Calendar, Trial Term Day Calendar, for January 18, 1954 ".   She has submitted an affidavit sworn to by her, in which she states merely that this is an action for malpractice; that as a result of the defendant's failure to perform certain dental work he had undertaken, several teeth were devitalized and extracted, causing her to incur a substantial sum for medical expense; that she has made a full disclosure to her attorney, and she has been informed she has a meritorious cause of action; " wherefore, I respectfully pray that an order be made and entered herein *so that I may have an early trial of my action.*"   (Italics supplied.)

In these days of public dismay at, and of official study of, the law's delays, a clear line of demarcation should be drawn between a litigant's disinterest or his counsel's neglect on the one hand and calendar congestion on the other.   The present is a sample case history, the material for which was gathered from the clerk's files and records.

The suit is for dental malpractice.   January, 1946, was when the cause of action accrued.   Suit was instituted in May, 1948. The action was noticed for jury trial for the December, 1948, term.   A demand for a bill of particulars was served upon plaintiff in June, 1948.   There was no response by plaintiff, and defendant moved to preclude in May, 1949.   The case was called for pre-trial settlement and calendar disposition on November 3, 1949, at which time nothing was accomplished because plaintiff had not submitted to a physical examination.   One year later, in November, 1950, defendant moved for such an examination. From February 14, 1951, to September 25, 1951, the case was on the Day Calendar fifteen times, and on none of these occasions was it marked " Ready " for trial.   On November 5, 1951, when this cause appeared on the Pre-Trial Calendar again, the plaintiff's counsel failed to attend and it was marked off the calendar.

A motion to restore, made on January 24, 1952, was granted on consent, and the action was placed on the Pre-Trial Calendar once again, and on February 15, 1952, the cause was given a " Remanded and Preferred " status, thus retaining its place on the trial calendar.

The action came before me as No. 11 on the Ready Day Calendar of October 7, 1952. At this point let me say that it was my announced practice (when sitting in calendar part) to confer with counsel in the first twenty cases on the calendar each day — as to settlement possibilities, jury waivers, shifting causes to other courts, stipulations in the matter of formal proof, shortening trials, etc., and in consequence I required the personal appearance of counsel familiar with the respective cases and having authority to act (N. Y. L. J., Oct. 6, 1952, p. 701, col. 2). Because of the nonappearance of plaintiff's counsel, the cause was marked " off " the calendar. The following month the plaintiff moved to restore, and I denied the motion on November 20, 1952, " without prejudice to renewal on a proper showing of merits and injuries and damages " (*Kemelhor* v. *Kravitz,* 203 Misc. 370).

Now, *more than a year later,* the plaintiff moves to restore the action to its regular position on the trial term calendar of this court for a specific date this month. No reason whatsoever is given to justify the inordinate delay in making the motion. And there is no mention made of the fact that on October 7, 1953, this action was noted as dismissed by the clerk pursuant to rule 302 of the Rules of Civil Practice because the cause had been marked " off " calendar and not restored within one year. Nor is there even now any showing of merits or any adequate proof of injuries or damages. A bill of particulars is referred to, but is not presented. The defendant has consented to the motion.

Due, undoubtedly, to a congested situation presently peculiar to the Supreme Court, it seems to be the judge's necessary task so to govern the calendar that cases of ancient vintage do not remain — even in a state of dormant suspension. Under normal circumstances, there may well be room for honest debate as to whether the trial calendar should be controlled by the litigants or the court, for, I suppose, if both parties at any time desire to adjourn or restore the action for trial (that is, if neither plaintiff nor defendant is interested in when, if ever, the case is tried), the court should not disturb itself — and such is the effective and satisfactory policy of some of our judicial tribunals. They deem themselves adequate to their tasks and responsibilities to the

public if those who desire trials promptly get them — and how often a case is adjourned by consent is in such courts of no moment. But the tax-paying public should be acquainted with the important fact that in many cases the law's delays are the result — in good part, at least — of the desire or acquiescence of the litigants themselves. That fact in this case the public will certainly never know by reading the insufficient and inconsequential affidavit submitted by this plaintiff. The obvious record fact is, however, that she might well have had her lawsuit tried and disposed of years ago. Nevertheless, perhaps innocently enough, she will probably forever damn the " law's delays " — since I must deny her present application, made eight years after her cause of action accrued, that she " have an early trial of my action ".

Because of the dismissal under rule 302 of the Rules of Civil Practice, the instant motion to restore the same to the Trial Day Calendar must be denied (*Klein* v. *Vernon Lbr. Corp.*, 269 App. Div. 71; *Niewiadowski* v. *Kulp-Waco*, 279 App. Div. 974), but such denial will be without prejudice to a motion by plaintiff — properly buttressed by adequate proof — to open her default, to vacate the dismissal and thereupon to restore the case to the trial calendar (*Schlesinger* v. *Spingler-Van Beuren Estates*, 269 App. Div. 950). Order signed.