JOSEPHINE BARON et al., Plaintiffs, v. I. HOWARD LEHMAN et al., as Trustees of SURFACE TRANSPORTATION CORP. OF N. Y., et al., Defendants.

Supreme Court, Trial Term, Bronx County, October 18, 1955.

*McAloon & Hirschberg* for plaintiffs.

*Saxe, Bacon, O'Shea & Bryan* for I. Howard Lehman and another, as trustees of Surface Transportation Corp. of N. Y., defendants.

*Goldman & Goldman* for Fran Service Company, Inc., defendant.

MATTHEW M. LEVY, J. The plaintiffs' attorney states, in his application to restore the cause to the ready day calendar for trial, that said restoration is desired "for the earliest date" "so that the plaintiffs, who have waited a long time for trial, should not be delayed any further". But counsel should know that the fault here is not that of the court. Had the plaintiffs been ready to proceed and had they responded on the call of the calendar, their case would have been promptly disposed of, and certainly by now.

For some days before this cause was marked off the day calendar because of the nonappearance of the plaintiffs, it was, at my direction, formally and repeatedly announced in the Law Journal (commencing August 31, 1955, p. 1, col. 8) that during the period that I presided in the calendar part (the Sept. 1955 Trial Term, Pt. I, in Bronx Co.): "The attention of the Bar is called to the following: The first twenty cases appearing each day on the Jury Calendar and the first ten cases appearing each day on the Non-Jury Calendar must be answered by counsel or by someone from their offices in a position to discuss the facts and with authority to negotiate and effectuate settlement. No other representative will be permitted to answer these cases."

In the circumstances, the failure of the plaintiffs to appear on the call of the day calendar in this case — in the first twenty of the jury list for the day — cannot be ignored. There was here no judicial desire or intent to inconvenience or harass the bar. The evident purpose was fourfold: (1) To aid attorney and client in a final attempt at amicable settlement of the litigation before trial; (2) to seek to simplify and limit the issues in those cases that did not lend themselves to negotiated disposition; (3) to arrange the day's calendar so that counsel and litigant and witness would be able to know quite quickly whether trial or continuance for the day or adjournment for a time was indicated; and (4) to relieve the congestion presently afflicting the jury tort

calendar, and thus avoid the delays before such causes are reached for trial.

If the public and the bar would have it so, the court as a whole might well regulate its calendars so that only those causes would be subjected to compulsory pretrial analysis and to forced trial that litigant and counsel themselves chose (see *Siegel* v. *Addison*, 207 Misc. 1005). But the bar and the public have not so spoken; and, on the contrary, in some circles, seem to seek to place full responsibility and the sole onus for delay upon the mechanics of judicial administration. This should not be.

The plaintiffs' motion to restore the cause to the ready day calendar for trial is denied, without prejudice to renewal upon the submission of affidavits of merit as to liability and injury. Order signed.