Matthew M. Levy, J.
During the latter part of 1955, the plaintiff in this negligence action was inducted into the United States Army. On June 6,1956 the cause was marked off the non-jury day calendar, upon the presentation (as the clerk reports) of an affidavit of plaintiff’s military service. On June 6,1957 the complaint was dismissed pursuant to rule 302 of the Buies of Civil Practice. Plaintiff has recently been discharged from the army, and now moves to restore the cause to the ready nonjury calendar for a day certain. The defendant objects on the ground that the plaintiff has failed to submit an affidavit of merits by one having personal knowledge of the facts, citing Rothschild v. Haviland (172 App. Div. 562). The point would be well taken as a matter of normal procedure (Siegel v. Addison, 207 Misc. 1005). But the military service situation presented in the case at bar justifies (if, indeed, it does not compel) a relaxation of this requirement in the circumstances present here.
In this court there is no military suspense calendar, but one who, at the time of the pendency of an action to which he is a party, was or is in the military service, is not without protection. The. applicable guide is section 304 of the Military Law, which is included in article XIII thereof, known as the New York State Soldiers’ and Sailors’ Civil Belief Act. This statute provides as follows: “§ 304. Proceedings to be stayed unless interest unaffected by military service. At any stage thereof, any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action, or the defendant to conduct his defense, is not materially affected by reason of his military service.” (See, also, U. S. Code, tit. 50, Appendix, § 521.)
Accordingly, the defendant’s objection is overruled, the plaintiff’s motion is granted, and (subject to the filing by the plaintiff of a statement of readiness) the cause is restored to the ready nonjury calendar for January 8, 1958.