Matthew M. Lett, J.
Motion by plaintiff to restore this cause to the calendar for trial upon the filing of a statement *1029 of readiness is denied without prejudice to a motion to open the default upon papers that are sufficient.
(1) The cause was not (as asserted by plaintiff) 1 ‘ marked off the calendar by reason of the fact that a Certificate of Beadiness was not filed ”. It was marked off on June 29, 1956, on the special call of the calendar for summer trials, because of plaintiff’s nonappearance.
(2) While the case was marked off on that special call, and would thus have been subject to the normal leniency accorded defaulting parties on the first call of the summer calendar, the case was thereafter dismissed, pursuant to rule 302 of the Buies of Civil Practice. The dismissal was on June 28, 1957, almost 15 months before the service of the instant motion papers. Accordingly, plaintiff should proceed upon presentation of satisfactory proof of merit as to liability and damages and as to excuse for the default and the delay. (Cf. Siegal v. Addison, 207 Misc. 1005, 1007).
(3) Attempted perfunctory compliance is not enough. Plaintiff’s attorney’s affidavit — the only one submitted in support of the instant motion — is most inadequate and incomplete. The law is clear that mere general or conelusory statements will not suffice (Freilich v. Rosenberg, 4 A D 2d 830; Lakowitz v. Marlin Gardens, 5 A D 2d 981).
(4) Furthermore, in the statement of readiness attached to the moving papers, it is made plain that examinations before trial of the parties are to be held on October 29, 1958. In other words, the cause is not even now ready for trial. It should therefore not presently be placed upon the trial calendar. (See Special Bules Bespecting Calendar Practice.) “ Any other-holding would make the requirement for the filing of a statement of readiness a meaningless gesture and a calendar hoax.”
(Finn v. McLaren, 14 Misc 2d 743, 744.)