Jambs S. Brown, J.
This stockholder’s derivative action was commenced in September, 1936 by Harry Marco (now deceased). In January, 1958 a judgment was entered dismissing the complaint because of the failure of the plaintiff, Ida Marco, as ancillary administratrix of the estate of said Harry Marco, to appear for examination before trial. That judgment was entered upon the order of Mr. Justice Schwartzwald after a lengthy hearing and a determination by him that Ida Marco had willfully and deliberately disobeyed a prior order. (12 Mise 2d 518.)
*765 Relying on the January, 1958 judgment to claim the benefit of section 23 of the Civil Practice Act, William Marco, as administrator of the estate of said Harry Marco (the aforementioned Ida Marco being still alive) on March 5,1958 brought a similar action in the United States District Court, Southern District of New York, against the same defendants on the basis of substantially the same business transactions as had been alleged in the complaint in this action.
The movants, who are three individual defendants in this action, as defendants in that Federal court action thereupon moved to dismiss the complaint therein on the grounds, among others, that (a) the plaintiff therein lacked standing to maintain the action; (b) the plaintiff therein was barred by a former adjudication from maintaining the action; (c) the Federal court had no jurisdiction over the subject matter of the action.
The motion was denied in all respects on June 17, 1959. The court (Herlands, J.) in a lengthy decision (Marco v. Dulles, 177 F. Supp. 533) concluded that (a) plaintiff had standing; (b) plaintiff was not barred by a former adjudication; and (c) the Federal court had jurisdiction. The court also concluded that the Federal action was effectively commenced under section 23 of the New York Civil Practice Act in that the action in this court had been dismissed for Ida Marco’s failure to appear for examination before trial and had not been abandoned nor terminated by a voluntary discontinuance or dismissal of the complaint for neglect to prosecute or a final judgment on the merits.
These defendants are now moving in this court for an order vacating the judgment herein dated January 7, 1958, and the order dated January 3, 1958 directing entry of said judgment and setting aside all proceedings in this court herein after January 4, 1956, on the ground that the same were in error and the court lacked jurisdiction to proceed herein following the termination of this action under and pursuant to rule 302 of the Rules of Civil Practice, on or about January 4,1956.
They argue, as they did in the Federal court, that the State court action had been automatically dismissed, effective January 4, 1956, under subdivision 2 of rule 302 of the Rules of Civil Practice, and subdivision (e) of rule 17 of the Special Term Rules of this court, for failure to prosecute. They state that this court and the Appellate Division and the parties overlooked the previous termination of the case on January 4, 1956; that all subsequent proceedings, including the judgment under attack, were void and that this is a motion to correct the court’s record.
*766 The reason for this present motion is understandable. A decision favorable to movants would constitute an adjudication that this action had been terminated by a dismissal for failure to prosecute and that would make section 23 of the Civil Practice Act, by virtue of which plaintiff had instituted the Federal court action, unavailable to plaintiff.
The pertinent portion of the calendar history of this action begins with January 4, 1955, on which date the case appeared on the Day Calendar of Special Term, Part III and was marked “off”. The attorneys received a notice dated April 12, 1955 from the Clerk of Special Term, Part III that the case would appear on the Call Calendar on April 20, 1955. On April 20, 1955 the calendars of Special Term, Part III had two headings. The first was “ Ready Day Calendar ”. The second was “ General Call Calendar of Cases Marked ‘Off.’” Marco v. Sachs appears on that latter calendar with the notation “ Contd. off.” The New York Law Journal of this date (April 20, 1955, p. 12, col. 2) lists the case on the calendar of eases marked “ off.” A copy of the minutes of the Clerk of Special III (Ex. 4) contains the following:
“Nov 10 1953 1/14/54 OFF- — -Restored by notice dated 12/21/54 —For Jan. 3, 1955,
“ OFF Abandoned — complaint and C. C. if any dismissed — Rule 302 R. C. P.
“ On Cal 4/5/56 Steinbrink, J. Stayed to be Restored 5 days Notice.
“Oct. 7, 1957 — No statement of readiness having been filed to date, with Clerk of Special Term Part 3, as required by Special Rule of App. Div. 2d Dept. sub. 3 the Clerk struck this case from the calendar. ’ ’
All parties agree and the submitted photo static copies of the Day Calendar and of the New York Law Journal (Jan. 4, 1955, p. 10, col. 3) show that the case appeared on the Special Term, Part III Day Calendar of January 4, 1955 and was marked “off”. Movants argue that since the case never appeared on the calendar after that date, it was dismissed automatically on January 4,1956 by operation of rule 302 and point to the rubber-stamp entry of dismissal as additional evidence of that fact.
Plaintiff’s affidavit in opposition states that all the attorneys were notified by a card (Exhibit A) dated April 12, 1955, mailed by the Clerk of Special Term, Part III, that the action would appear on the Call Calendar on April 20, 1955 and that the attorneys were directed to appear in person and advise the court as to the present status of the case. The affidavit further states that all the attorneys appeared, that the case was No. *767 11 on the General Call Calendar of cases marked “ off ” and was again marked “ off
Subsequently the corporate defendant served a notice restoring the action to the calendar of April 5, 1956, on which date the case appeared on the calendar and was marked “ stayed to be restored on 5 days’ notice when stay vacated”. This notation referred to an order of Mr. Justice Keogh, dated January 27, 1955 staying the plaintiff from proceeding until after the examination before trial of the plaintiff, which order had been affirmed by the Appellate Division (1 AD 2d 851). In reference to this point, it is a fact, as Judge Heblahds pointed out in his opinion (p. 547), that “ The stay contained in the order of Mr. Justice Keogh of January 27, 1955, would not prevent plaintiff from moving to avoid or open a default based on a failure to calendar the ease, for the courts have limited the extent of a stay by confining it ‘ to some onward movement in the action furthering the interests of the party in default through giving him some affirmative relief therein, and have held that it does not apply to an act of self defense on his part. ’ Thompson v. McLaughlin, 3d Dept. 1910, 138 App. Div. 711, 714, 123 N. Y. S. 762, 765; Blair v. Blair, Sup. Ct. Kings Co. 1913, 145 N. Y. S. 397, 399.”
Plaintiff states that this action has been very actively litigated at all times and contends that there never was the suggestion by anyone that this action had been dismissed pursuant to rule 302 of the Rules of Civil Practice, and points to the opinion of Mr. Justice Schwabtzwald (N. Y. L. J., June 12, 1956, p. 11, col. 4) in connection with a motion to dismiss made prior to the one which resulted in the order and judgment of dismissal, which opinion stated in part: ‘ ‘ The action is presently on the General Calendar and plaintiff is stayed from proceeding Avitb the same until she submits to an examination before trial requested by the defendant.” Plaintiff also refers to the state ment of Milton Pollack, defendants’ counsel, in his affidavit dated September 23,1957 in support of his final motion to dismiss the action: “While the case was put on the calendar by the corporate nominal defendants in November, 1953, the case Avas presently marked off the calendar by the plaintiff and remained off the calendar for all practical purposes except for actual token restoration to frustrate the rule of automatic dismissal under rule 302, R. C. P.”
Plaintiff comes to the conclusion that there was no dismissal under rule 302 of the Rules of Civil Practice because:
(1) The case appeared on the calendar and Avas called on April 20,1955.
(2) The case was restored to the calendar of April 5, 1956.
(3) No one objected to the notice of restoral for April 5, *768 1956; and that notice, although not a notice of motion to restore, was at' most an irregularity concurred in by all the parties; and defendants waived any technical objections to such irregularity.
(4) The motions, appeals and hearings concerning Ida Marco’s physical condition and ability to undergo her examination before trial, which were initiated by defendants and covered a two-year period after the alleged dismissal, constitute a waiver and estoppel as a matter of law; and if defendants had raised the question of a rule 302 dismissal in January, 1956 there would have been an immediate motion to restore, which would have been granted automatically because three appeals were then pending in the Appellate Division from orders of Justices Baker, Keogh and McDonald.
• In respect to points (1) and (2), plaintiff claims, in effect, that this case was restored within a year after it was marked off on April 20,1955. The moving defendants, on the other hand, point out that subdivision (b) of rule 17 of the Special Term Rules of this court designates the trial calendars of equity causes as the “ Ready Calendar ” and the “ Reserve Calendar ” and these are the only trial calendars of this branch of the court; that this case was never restored to any trial calendar of Special Term, Part III, within a year from January 4, 1955; that on April 20,1955 this case appeared on a list of cases marked “off”, which cases were called merely to ascertain their status; that the case was marked “ contd off ” and that this did not constitute an appearance of this case on the Ready Day Calendar, which was listed separately. Defendants then urge that the assumption is proper that the Clerk of Special Term, Part III, in the automatic function of his office, on or about January 4,1956 made the rubber-stamp entry of dismissal pursuant to rule 302.
Defendants also state that, therefore, unaware of the January, 1956 termination of this action, they on two occasions moved to dismiss the action under section 299 of the Civil Practice Act for plaintiff’s willful failure to submit to an examination before trial or, in the alternative, under section 181 of the Civil Practice Act, for plaintiff’s unreasonable neglect to prosecute. Defendants also point out that the parties, the Appellate Division, when it entertained the appeal from the first order of dismissal and Mr. Justice Schwartzwald, were all unaware that the action had been terminated.
Defendants then contend that all entries and proceedings after January 4, 1956, including the judgment of dismissal, are void and request a decision to that effect. *769 In respect to points (1) and (2) this court agrees with defendants’ contentions. Although the Clerk’s minutes and the entries on the calendar sheets of Special Term, Part III, are confusing, one fact is clear. The case did not appear on any calendar on April 20, 1955, within contemplation of subdivison (b) of rule 17 of the Special Term Rules of this court. A “ General Call Calendar of Cases Marked ‘ Off’” is clearly not a Reserve Calendar or Day Calendar. That being so, the case could not have been restored in the manner described, i.e., by notice of restoral on April 5, 1956, since at that time it had been off the calendar for more than a year. Under rule 302 of the Rules of Civil Practice a case is automatically deemed abandoned one year after it was last marked off the calendar and dismissed for failure to prosecute (Roe v. Kurkhill, 6 A D 2d 716). The Clerk has the duty to make such entry without any further order since the rule is automatic and self-executing. (Balaka v. Stork Restaurant, 3 A D 2d 857; Wheelock v. Wheelock, 3 A D 2d 25, affd. without opinion 4 N Y 2d 706.) The court, however, may open the default on motion if justifiable circumstances are demonstrated excusing the delay and the plaintiff furnishes an affidavit of merits. (Jacoby, Inc., v. Kushner, 3 A D 2d 905; People ex rel. Weiss v. Boyland, 3 A D 2d 738; Walsh v. Ben Riley’s Arrowhead Inn, 2 A D 2d 714.)
In the Wheelock case (supra), a separation action, an order directing defendant husband to pay alimony was entered on consent in 1935. In 1939 the case was marked off the calendar for the wife’s failure to bring the matter to trial. The case was deemed abandoned and the complaint dismissed on January 10, 1940, pursuant to a rule of the New York County Supreme Court comparable to rule 302 of the Rules of Civil Practice. Plaintiff did nothing to open the default but secured the entry of judgment on August 24,1944 for alimony arrears, accumulated since 1935, upon an allegation that her action was pending. In 1956 the Supreme Court granted an application by the husband for an order dismissing the complaint nunc pro tunc as of January 8, 1940 and for an order vacating the 1944 judgment.
On appeal the Appellate Division affirmed with leave to plaintiff to renew her application to open the default upon proper papers showing an adequate and convincing excuse for the long delay. The opinion reads (p. 27): “Plaintiff had no right to enter judgment in 1944 for the accrued temporary alimony. Defendant is not precluded from now challenging the judgment even though he made no effort to oppose it, for the dismissal of the action in 1940 deprived the court of the *770 jurisdictional foundation on which the 1944 judgment was supposedly based (Polizotti v. Polizotti, 305 N. Y. 176, 179-180). The court was incorrectly informed that the action was still pending, but in actuality it had no power to proceed. The judgment having been entered without jurisdiction, it could be collaterally attacked or it could be vacated as was done here (Kamp v. Kamp, 59 N. Y. 212; Pacek v. Ferrar, 258 App. Div. 772). The time limitations of sections 521 and 528 of the Civil Practice Act providing for the vacating of judgments where there have been irregularities or errors in fact are applicable only to judgments rendered after trial (Redfield v. Critchley, 277 N. Y. 336; Burckhalter v. Stasky, 276 App. Div. 979), and there is no time limitation for vacating judgments for lack of jurisdiction (Matter of Doey v. Howland Co., 224 N. Y. 30, 38; Cooper Lbr. Co. v. Masone, 286 App. Div. 879; Langer v. Wiehl, 207 Misc. 826).”
The Wheelock case is squarely in point with the case at bar. Whether the court and all the parties in this case assumed that the case was on the calendar or whether the moving defendants were of that opinion and so informed the court is not controlling. The determinative factor is that this court retained no jurisdiction over this action, after the dismissal under rule 302, except to entertain a motion to open the default, vacate the dismissal and to restore the action to the calendar.
Plaintiff’s third point that defendants waived any technical objections to the notice of restoral for April 5, 1956, by not objecting cannot be sustained. In Siegel v. Addison (207 Misc. 1005) a motion to restore after a rule 302 dismissal was denied even though the defendant consented. Plaintiff was given permission to make a motion, supported by adequate proof, to open her default, vacate the dismissal and to restore the case to the Trial Calendar.
Plaintiff’s fourth point that the motions, appeals and hearings initiated by defendants concerning Ida Marco’s physical condition constitute a waiver and estoppel as a matter of law is not applicable. A judgment entered without jurisdiction is void (Pacek v. Ferrar, 258 App. Div. 772). The court never loses jurisdiction to vacate a void judgment (Kamp v. Kamp, 59 N. Y. 212). The court has power to vacate and set aside an order or judgment on the application of one in whose favor such order or judgment was granted. (Matter of Automatic Chain Co., 64 Misc. 280, affd. 134 App. Div. 863, affd. 198 N. Y. 618; Weston v. Citizens' Nat. Bank, 88 App. Div. 330, 336.) Whenever there is want of authority to hear and determine the subject matter of the controversy an adjudication upon the *771 merits is a nullity and does not estop even an assenting party (Davidson v. Ream, 178 App. Div. 362).
Rule 302 of the Rules of Civil Practice, in effect, expresses the public policy of the State to reduce the undue congestion in court calendars which impedes the administration of justice, and governs the litigants in any particular case only incidentally. Where the provision of any statute or Constitution is intended to serve primarily the public interest or welfare and only incidentally the litigants, such provision may not be waived by the parties to an action either expressly or impliedly by their conduct. (Parthey v. Beyer, 228 App. Div. 308, 313-314; Matter of Moore, 165 Misc. 683, affd. 254 App. Div. 856, affd. 280 N. Y. 733.)
Rules of Civil Practice are given force and effect of statute by legislative declarations that such rules shall be ‘ ‘ binding on all the courts in this state and on all the justices and judges thereof”. (L. 1920, ch. 902; L. 1921, ch. 370; L. 1921, ch. 302; Cohen v. Cohen, 160 App. Div. 240; Moot v. Moot, 164 App. Div. 525, affd. 214 N. Y. 204; Matter of Moore, 108 N. Y. 280; Tusha v. Heller, Hirsch & Co., 140 App. Div. 323.)
Assuming, arguendo, that the right to automatic dismissal under rule 302 of the Rules of Civil Practice may be waived by a party, nevertheless such waiver in order to be effective must be made with full knowledge of all the material facts. A “waiver is an intentional abandonment or relinquishment of a known right or advantage which, but for such waiver, the party would have enjoyed. * * * It is essentially a matter of intention. Negligence, oversight or thoughtlessness does not create it. The intention to relinquish the right or advantage must be proved ”. (Alsens Amer. Portland Cement Works v. Degnon Contr. Co., 222 N. Y. 34, 37, italics supplied; Sillman v. Twentieth Century-Fox, 3 N Y 2d 395, 403; Pash v. Wagner, 2 Misc 2d 822, 826 [App. Term, 2d Dept., Pette, J.].) The waiver “must be predicated upon full knowledge of all the facts upon which the existence of the right depends.” (S. & E. Motor Hire Corp. v. New York Ind. Co., 255 N. Y. 69, 72; Gutman v. United States Cas. Co., 241 App. Div. 752-753 [2d Dept.].)
As stated by the Appellate Division in this Department in the Gutman case (241 App. Div. 752, 753, supra) a party’s “lack of full knowledge ’ ’ precludes his acts from constituting a waiver, which is the “ ‘ intentional abandonment or relinquishment of a known right’”; such intention may not be “ founded on anything other than full knowledge ”; and “ ‘ Negligence, oversight or thoughtlessness does not create it ’ ” (i.e., the intention to waive; italics supplied).
*772 The claimed waiver here obviously does not satisfy the rules set forth above and, therefore, is not effective.
In addition to the above, plaintiff’s attorney claims that Ida Marco is no longer the plaintiff and is not the party to whom notice of this motion should have been given, but that William Marco is the plaintiff to whom notice should have been given because William Marco is now the administrator of the estate of Harry Marco. The court disagrees. It is true that Ida’s letters of ancillary administration were revoked on January 24, 1957 by the Surrogate’s Court of Kings County but William Marco was never substituted in her place. The order of the Appellate Division, dated March 7, 1957, merely granted the applications of Ida and William Marco to substitute William as appellant for the purpose of prosecuting certain appeals taken by Ida Marco, including the appeal from Mr. Justice Keogh’s order dated September 12,1956, which denied a motion to substitute William as plaintiff. Thereafter, on July 15, 1957, the Appellate Division affirmed said order dated September 12, 1956 (4 A D 2d 785). The statement in the Pollack reply affidavit, sworn to August 26, 1959, that Ida never filed her required account of proceedings or gave notice to interested parties or creditors, is not controverted.
Plaintiff’s attorney also argues that upon the entry of the judgment dismissing the complaint Ida Marco’s authority and his own authority in this case came to an end. Since it does not appear that plaintiff’s attorney was ever dismissed from the case, the entry of judgment did not end his authority to appear on this motion and to receive notice of it for Ida Marco. “ We apprehend the true rule to be that, for all purposes of collecting the judgment, or to vacate, modify or reverse it, the power of the attorney of record continues with the presumed assent of his client until some affirmative steps are taken by the client to dismiss him from the case, or some of the causes intervene specified in section 65 of the Code.” (Commercial Bank v. Foltz, 13 App. Div. 603, 607.)
As is stated in Carmody-Wait, Cyclopedia of New York Practice (Vol. 1, § 102, p. 317) : “ Thus, the notice to be given in respect of the various motions which may be made after final judgment, to correct it or vacate it for some error, irregularity, or other proper cause, may be given to the attorney who appeared, notwithstanding the termination of the action or proceeding, such attorney being regarded as still representing the party for the purpose of receiving such notices of motion or other appropriate process.” The motion is granted in all respects, with $10 costs.