James S. Brown, J.
Motion to open the default, vacate the dismissal and to restore this action to the calendar.
*158 This action was marked “preferred” on June 25, 1956 in conformance with the procedure in effect at that time. On October 2, 1957 it was marked “ off ” the calendar because no statement of readiness had been filed. On October 2, 1958, not having been restored to the calendar, it was dismissed automatically under rule 302 of the Buies of Civil Practice for failure to prosecute.
The accident occurred as a result of alleged negligent operation by defendant Solomon of a truck owned by defendant Seidenberg & Sons.
In April, 1956 defendants served a notice to examine plaintiffs before trial and in May, 1956 plaintiffs served a notice to examine defendant Solomon before trial. On June 13, 1956 plaintiff Bertha Murphy and defendant Solomon both appeared for examination. Although the examination of plaintiff consumed all day it was not completed and was adjourned. It was agreed between counsel that defendant Solomon would be examined after the completion of plaintiff’s examination. The examination of plaintiff was continued on January 7, 1957 and was not completed until June 27, 1958, more than two years after the examination was started.
The affidavit of plaintiffs’ attorney states that the lapse of time between the sessions of the examination before trial of plaintiff was caused by the repeated requests for adjournments by defendants’ attorney on the grounds of prolonged illnesses and eventual deaths of the parents of defendants’ attorney, and that plaintiffs could not file a statement of readiness because of the above delay in completing the examination before trial and because plaintiffs had not held the examination before trial of defendant Solomon which was to be held at the conclusion of the examination of the plaintiffs.
The opposing affidavit of defendants’ attorney states that only certain of the adjournments were granted at his request and that others were granted at the request of plaintiffs ’ attorney, and points out that his mother died on September 5, 1956 and that his father died on March 14,1957, long prior to June 27, 1958, on which date the examinations before trial of plaintiffs were concluded. This affidavit also points out that plaintiffs must have known on December 28, 1959 that the action had been dismissed pursuant to rule 302 of the Buies of Civil Practice for on that date they forwarded to defendants’ attorney a proposed stipulation vacating the dismissal and restoring the action to the calendar . They were advised by letter dated May 3, 1960 that defendants had forbidden the signing of any such stipulation. Nevertheless it was not until September 24, 1960 that *159 plaintiffs moved for an order restoring this matter to the calendar. The order denying this motion without prejudice was entered on October 13, 1960.
Another complicating element is the fact that when plaintiffs requested the examination before trial of defendant Solomon about November, 1958 they were informed that said defendant had left the employment of defendants Seidenberg on July 25, 1958. He has apparently not yet been located. In this respect defendants Seidenberg claim prejudice since he was their driver and his testimony is not available. Plaintiffs counter by claiming that since defendants lost contact with defendant Solomon on July 25, 1958 they are not prejudiced since they are in the same position with respect to him as they were on October 1, 1958 (the day before the dismissal of the action).
Plaintiffs further set forth what they consider the controlling point, that the attorneys for the parties treated this matter as an active case subsequent to the date of dismissal under rule 302 of the Rules of Civil Practice and point out that defendants transcribed the examination before trial of plaintiffs and that both parties made motions subsequent to that date.
Upon due consideration of the conflicting claims the court is of the opinion that it is the laches of the plaintiffs’ attorney which has primarily caused the present situation and that it would be an abuse of discretion to restore this action to the calendar. Plaintiffs could have made a motion prior to the date of dismissal under rule 302 of the Rules of Civil Practice, requesting permission to file a note of issue and statement of readiness with the reservation of the right to complete the examination before trial. They could have made a motion requesting a prompt examination of defendant Solomon. They could have then filed a statement of readiness, claiming that defendants had had a reasonable opportunity to conclude the examination before trial of the plaintiffs. They took none of the above steps.
Concerning plaintiffs’ contention that this action should be restored because the attorneys treated this as an active case subsequent to the date of dismissal under rule 302 of the Rules of Civil Practice, this court held in Marco v. Sachs (25 Misc 2d 763, 771, affd. 12 A D 2d 774) :
“ Rule 302 of the Rules of Civil Practice, in effect, expresses the public policy of the State to reduce the undue congestion in court calendars which impedes the administration of justice and governs the litigants in any particular case only incidentally. Where the provision of any statute or Constitution is intended to serve primarily the public interest or welfare and only inci *160 dentally the litigants, such provision [nay not be waived by the parties to an action either expressly or impliedly by their conduct. (Parthey v. Beyer, 228 App. Div. 308, 313-314 ; Matter of Moore, 165 Misc. 683, affd. 254 App. Div. 856, affd. 280 N. Y. 733.)
'‘ Rules of Civil Practice are given force and effect of statute by legislative declarations that such rules shall be ‘ binding on all the courts in this state and on all the justices and judges thereof ’. (L. 1920, ch. 902 ; L. 1921, ch. 370 ; L. 1921, ch. 302 ; Cohen v. Cohen, 160 App. Div. 240 ; Moot v. Moot, 164 App. Div. 525, affd. 214 N. Y. 204 ; Matter of Moore, 108 N. Y. 280 ; Tuska v. Heller, Hirsh & Co., 140 App. Div. 323.) ”
Accordingly, the motion is denied.