W. Vincent Grady, J.
The District Attorney of Dutchess County seeks by his petition in this article 78 proceeding to vacate, annul and set aside a plea of guilty to disorderly conduct made by the respondent Du Bois and accepted by the Village Justice of the Village of Wappingers Falls and to reinstate the information charging the respondent Du Bois with criminal possession of dangerous drugs in the fourth degree and a plea of not guilty entered thereupon.
The order to show cause was served on the former attorney for the respondent who objects to such service and contends that the time for appeal having expired, the District Attorney is precluded from proceeding under article 78 of the CPLR. Service of a copy of the order to show cause and petition in this proceeding was properly made on respondent Du Bois’ former attorney since it does not appear that he was ever dismissed by the said respondent and the entry of a judgment of conviction did not end the attorney’s authority to receive notice of this proceeding (Marco v. Sachs, 25 Misc 2d 763, affd. 12 A D 2d 774, revd. on other grounds, 10 N Y 2d 542).
On May 15, 1969, the respondent Du Bois appeared with his attorney before the Village Justice of the Village of Wappingers Falls and was allowed to plead guilty to disorderly conduct *824 and a fine of $50 was imposed. It appears that Captain Joseph Costa, a police officer of the Village of Wappingers, who was the complainant, was present in court when the plea of guilty was accepted. Respondent’s former attorney claims that Captain Costa consented to the reduction of the charges. The District Attorney denied this. An issue is therefore raised as to whether Captain Costa was authorized by the District Attorney’s office to recommend and consent to the acceptance of the defendant’s plea of guilty to disorderly conduct.
Respondent Du Bois’ former attorney contends that appeal is the sole remedy available to the District Attorney and cites the case of People v. Evans (18 A D 2d 1018) which held that after entry of a judgment of conviction on defendant’s plea of guilty, over the District Attorney’s objection, remedy of an appeal is available to the People in order to test the validity of the Judge’s determination. The court distinguished Matter of MacDonald v. Sobel (272 App. Div. 455, affd. 297 N. Y. 679), and Matter of Stebbins v. Sherwood (148 Misc. 763, affd. 241 App. Div. 615) in that the decisions reviewed in those cases were made either before or during trial —but prior to the entry of judgment; and an immediate and separate review of such intermediate determination was properly had by an article 78 proceeding. However, nowhere in the majority opinion of the Appellate Division, Second Department, in People v. Evans does the court hold that an appeal is the exclusive remedy or that an article 78 proceeding is improper.
While the People may pursue the remedy of an appeal of the Village Justice’s determination in accepting the defendant’s plea of guilty without a recommendation by the District Attorney (People v. Evans, supra), there is also available to the District Attorney an article 78 proceeding to direct the trial court to vacate the order permitting the entry of the plea (Matter of MacDonald v. Sobel, supra; Matter of Stebbins v. Sherwood, supra; Matter of Hogan v. Ascione, 31 A D 2d 517). The Ascione case held that even after sentence was imposed, the District Attorney could invoke an article 78 proceeding to nullify the sentence.
In view of the issues of fact concerning Captain Costa’s authority and whether he did recommend and consent to the reduction of the criminal charges against respondent Du Bois, the court directs that a hearing be held to resolve these issues on October 6,1969, at 11:00 a.m. before this court in the Dutchess County Courthouse, Poughkeepsie, New York. Pending the resolution of these issues, decision is reserved on the petitioner’s application.